VILLAGE OF NEWBURGH HEIGHTS, Appellee,

v.

HALASAH, Appellant.

[Cite as *Newburgh Hts. v. Halasah* (1999), 133 Ohio App.3d 640.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 74145.

Decided June 1, 1999.

*John K. Moroney,* Newburgh Heights Prosecutor, for appellee.

*Katica Markulin,* for appellant.

TIMOTHY E. McMONAGLE, Judge.

Defendant-appellant, Ramzi K. Halasah, appeals from the judgments of the Garfield Heights Municipal Court, which found him guilty of disorderly conduct and in violation of the seat-belt law after a trial to the bench.[1] For the reasons stated below, we reverse.

The facts giving rise to this appeal are as follows. On September 15, 1997, at 9:13 a.m., appellant was stopped and cited for speeding forty-three m.p.h. in a posted twenty-five-m.p.h. zone by Newburgh Heights Police Officer William Morrison. During the stop, appellant was additionally cited for failing to wear

---

1. Appellant was found guilty of speeding in violation of R.C. 4511.21, "no seat belt" in violation of R.C. 4513.263, and "disorderly conduct" in violation of R.C. 2917.11. Appellant does not challenge his conviction for speeding but appeals only his convictions for the seat-belt and disorderly conduct charges in this appeal.

his seat belt and disorderly conduct. Each citation constituted a minor misdemeanor violation of the Codified Ordinances of the Village of Newburgh Heights. Appellant entered a plea of not guilty to the charges and the matter was transferred to Garfield Heights Municipal Court for further proceedings. Subsequently, the speeding and seat-belt citations were amended to the corresponding Ohio Revised Code sections. After hearing was held on January 29, 1998 pursuant to appellant's request for additional discovery, the trial court on February 2, 1998 granted appellant's discovery request as to information regarding the radar unit, the officer's training certificate, and a list of the on-duty officers, instructed appellant to respond to the state's discovery requests by February 9, and denied the appellant's motion to compel a more detailed bill of particulars. After the trial court denied appellant's motion for continuance of trial set for February 12, 1998, appellant moved the court to suppress the evidence against him on the disorderly conduct and seat-belt violation and/or to dismiss those charges. Appellant's motion was set to be heard on February 12, 1998, immediately preceding the trial. On February 12, after hearing the arguments of counsel, the trial court denied appellant's motions to suppress or to dismiss charges against him and commenced trial on all the charges against him.

At trial, the state offered the testimony of the arresting officer, William Morrison, an eight-year veteran of the Newburgh Heights Police Department, who testified that at approximately 9:13 a.m., while on traffic duty on Harvard Avenue, he was alerted by the audible indicator on his radar unit. He noted that the vehicle driven by appellant was clocked at forty-three m.p.h. where the posted speed was twenty-five m.p.h. Officer Morrison activated his overhead lights and proceeded to stop appellant's vehicle. He approached appellant's vehicle, advised appellant that his speed was forty-three m.p.h. in a twenty-five-m.p.h. zone and noticed that appellant was not wearing his seat belt. Appellant responded that Officer Morrison did not know who he was "messing with." Officer Morrison testified that when he returned to his cruiser to write the ticket, he saw appellant get out of his car. He got out of his cruiser and instructed appellant to return to his vehicle for both his and appellant's safety; appellant complied. When he completed writing the speeding citation, he returned to appellant's vehicle and requested appellant to fasten his seat belt. When appellant refused to put on his seat belt and became belligerent, Officer Morrison returned to his cruiser to write a seat-belt citation and called and waited for back-up assistance before he approached appellant's vehicle again. When assistance arrived, Officer Morrison and Officer Nemecek together approached appellant's vehicle to issue the seat-belt citation. In response, appellant threw his hands up in the air, saying that he would not sign the seat-belt citation. Appellant was advised that if he failed to sign, he would also be cited for disorderly conduct. Appellant refused to sign and told Officer Morrison to "go ahead and arrest me." Officer Morrison complied

with appellant's request to be arrested and issued a citation for disorderly conduct. Appellant was taken to the Newburgh Heights Police Station, where he posted bond and was released.

On cross-examination, Officer Morrison testified that he called for a back-up assistance because appellant had given him a "hard time."

Next, Officer Richard Nemecek of the Newburgh Heights Police Department testified that he responded to Officer Morrison's call for assistance. Officer Morrison indicated to him that appellant was giving him a "hard time." Officer Nemecek followed Officer Morrison to appellant's vehicle, where Officer Morrison requested appellant to put on his seat belt. Appellant refused to fasten his seat belt, and Officer Morrison advised appellant that he would be arrested for disorderly conduct. Officer Nemecek observed that appellant was irate, sitting in his car, waving his hands and telling the officers to "go ahead and arrest [him]." Officer Morrison directed appellant to get out of his vehicle, and appellant was placed in handcuffs. Officer Brettrager arrived after appellant's arrest was complete and assisted Officer Nemecek in the inventory of the vehicle.

The state rested, and appellant moved for acquittal pursuant to Crim.R. 29 on both the seat-belt violation and the charge of disorderly conduct, claiming that the state had failed to make its case. The motion was overruled by the court.

Appellant testified in his own defense. He said that Officer Morrison approached his vehicle and asked to see his license, registration, and proof of insurance. He provided his license and registration, but he could not locate his insurance card. The officer instructed him to look for his proof of insurance while the officer wrote the ticket. He took off his seat belt and got out of the car to retrieve his briefcase from the backseat of his car to check for the proof of insurance. Officer Morrison opened the cruiser door and told him to put the briefcase back and return to the driver's seat. Officer Morrison approached appellant's car with both the ticket and license in hand. Officer Morrison told him to put on his seat belt so appellant asked for the license and the ticket first, but the officer responded, "I'm going to give you another ticket." When he asked, "Why?", Officer Morrison advised him that it was for a seat-belt violation. At that point, he just laughed because he could not believe that he would be cited as he never had "refused" to put the seat belt on; he merely wanted to put his license into his pocket before fastening his seat belt. Officer Morrison returned to his cruiser and, after a ten- to fifteen-minute delay, two more cruisers pulled up. Officer Morrison with Officer Nemecek approached his car. Officer Morrison advised him that he either put the seat belt on or he would be arrested. He told him that it had been a "lousy day so far, go ahead and arrest me." They arrested him for disorderly conduct. He said that although he may have thrown up his hands, he "absolutely" did not make any threatening gestures.

At the close of all the evidence, appellant renewed his motion for acquittal made pursuant to Crim.R. 29, which was overruled by the court. The trial court found appellant guilty of speeding, disorderly conduct, and a seat belt violation and imposed a fine of $100 on each charge. Appellant moved the court to suspend execution of sentence pending appeal, but the motion was denied. This appeal follows. Appellant challenges his convictions for the seat-belt violation and for disorderly conduct and raises six assignments of error for our review:

"I. The trial court erred in denying appellant's motions for acquittal and convicting appellant of disorderly conduct, under R.C. 2917.11, where appellant was charged, prosecuted and tried for a violation of 509.03(a)(5) of the Codified Ordinances of the Village of Newburgh Heights and the violation of disorderly conduct under 509.03(a)(5) of the Codified Ordinances of the Village of Newburgh Heights was not supported by the evidence.

"II. The trial court erred in convicting defendant of failing to wear a seat belt where the evidence presented was insufficient to establish such violation.

"III. The trial court erred in sentencing appellant on the seat-belt violation.

"IV. The trial court erred in denying appellant's motion for a more specific bill of particulars thereby impeding appellant's ability to prepare the best defense.

"V. The trial court erred to the prejudice of appellant in denying appellant's motion to suppress and/or dismiss and in failing to hold an evidentiary hearing.

"VI. The appellant was denied his constitutional right to a fair trial where the conviction of appellant was based on prosecutorial misconduct and not on the evidence."

In his first and second assignments of error, appellant contends that the state's evidence was insufficient to support his convictions for disorderly conduct and violation of the seat-belt law. We agree.

A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 390, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the state's evidence is to be believed but whether, if believed, the evidence against a defendant would support a conviction. *Id.* The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

In his first assignment of error, appellant contends that the trial court erred in denying his motion for acquittal made pursuant to Crim.R. 29 and challenges the trial court's judgment convicting him of disorderly conduct under R.C. 2917.11, where he was charged and tried for violation of Codified Ordinances of the Newburgh Heights 509.03(a)(5) and where insufficient evidence was presented to show that appellant creating a condition that was physically offensive by an act that served no lawful purpose.

■ First, upon review of the record, we conclude that the trial court erred when it entered judgment of appellant's conviction for disorderly conduct under R.C. 2917.11, where the record clearly demonstrates that appellant was both charged and tried for violating Newburgh Heights Codified Ordinances 509.03(a)(5). The record further reveals that appellant had filed a jury demand and would have been entitled to trial by jury had the charge against him been amended to R.C. 2917.11. The city, by proceeding under Ordinance 509.03(a)(5), a minor misdemeanor, rather than the statute's mirror image in R.C. 2917.11(A)(5), precluded appellant from a trial by jury. Thus, it is clear that appellant's conviction, after trial to the bench, should have been entered pursuant to the Newburgh Heights Ordinance 509.03(a)(5).

Next, we review the record to determine whether the evidence presented was sufficient to support this conviction of disorderly conduct. The ordinance provides:

"509.03 Disorderly Conduct; Intoxication.

"(a) No person shall recklessly cause inconvenience, annoyance or alarm to another by doing any of the following:

" * * *

"(5) Creating a condition which is physically offensive to persons or which presents a risk of physical harm to persons or property, by any act, which serves no lawful and reasonable purpose of the offender."

■ It is undisputed from the record and from argument on appeal that the village made no assertion that appellant's action presented "a risk of physical harm to persons or property." Instead, pursuant to the ordinance the village sought to show that appellant's conduct created "a condition which is physically offensive to persons." Thus, in order to establish the offense of disorderly conduct the village must present evidence sufficient to prove beyond a reasonable doubt that appellant had (1) acted recklessly, (2) caused inconvenience, annoyance or alarm to another, by (3) creating a condition that was physically offensive to persons and served no lawful and reasonable purpose. "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a

known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).

A careful review of the record reveals that (1) no evidence was presented at trial to show that appellant acted recklessly, and (2) no evidence was presented that demonstrated that the acts of appellant created a condition that was "physically offensive." The record reveals that the police report states merely that appellant was "uncooperative." The testimony of Officer Morrison at trial indicates that appellant was "belligerent" and "agitated" and that his attitude was "offensive." Accordingly, when we review this evidence in a light most favorable to the prosecution, even if this evidence is believed, it is insufficient to support a conviction because it fails to show that appellant recklessly caused a condition that was physically offensive to anyone. We find the first assignment of error to be well taken.

██ ██ Appellant in his second and third assignments of error complains that the trial court erred both in its conviction of and sentencing on the seat-belt violation. In his second assignment of error, appellant complains that the evidence presented was insufficient to establish a seat-belt violation, and in his third assignment of error, appellant argues that the sentence imposed does not comport with the Ohio Revised Code. "[T]he courts have held that the proper ambit of appellate review is limited to ensuring that the trial court did not exceed the sentencing authority which the General Assembly has permitted the judiciary." *State v. Moss* (1982), 69 Ohio St.2d 515, 518, 23 O.O.3d 447, 449, 433 N.E.2d 181, 184–185. "Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided by statute or one that is either greater or lesser than that provided for by law." *Colegrove v. Burns* (1964), 175 Ohio St. 437, 438, 25 O.O.2d 447, 447, 195 N.E.2d 811, 812. An attempt to disregard statutory requirements when imposing a sentence renders the sentence null or void. *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 O.B.R. 511, 471 N.E.2d 774. We note that the trial court fined appellant $100 for the seat-belt violation in contravention of the requirements set forth in R.C. 4513.99, which governs the fine to be imposed for a seat belt violation and provides: "(F) Whoever violates division (B)(1) of section 4513.263 of the Revised Code shall be fined twenty-five dollars." Thus, we agree that the $100 fine exceeded the statutory mandate and was imposed in error.

Moreover, R.C. 4513.263 governs the requirement for seat-belt use and provides:

"(B) No person shall do any of the following:

"(1) Operate an automobile on any street or highway unless that person is wearing all of the available elements of a properly adjusted occupant restraining device, or operate a school bus that has an occupant restraining device installed for use in its operator's seat unless that person is wearing all of the available elements of the device, as properly adjusted."

Thus, to establish a seat-belt violation pursuant to R.C. 4513.263, the village is required to show that appellant operated his vehicle on a street or highway without wearing all the elements of his properly adjusted occupant restraining device. The record reveals that the state failed to present such evidence in this case.

At trial, Officer Morrison testified that appellant was not wearing his seat belt when Morrison approached appellant's vehicle. At the time of Officer Morrison's approach to appellant's vehicle the testimony demonstrates that the car was pulled to the side of the road and was stopped. No testimony was presented to show that appellant was seen driving his vehicle without the proper occupant restraint in place. Therefore, when we view the evidence in a light most favorable to the prosecution, even if the testimony is believed, this evidence is insufficient to support a conviction for a seat-belt violation. Appellant's second assignment of error is well taken.

Given the disposition of Assignments of Error Nos. I, II, and III, it is unnecessary for us to review the remaining assignments of error, each of which relates to the conviction of disorderly conduct or of a seat-belt violation, as these assignments of error are rendered moot by our reversal of appellant's convictions. App.R. 12(A)(1)(c).

The judgment of the Garfield Heights Municipal Court is reversed, appellant's conviction is vacated, and defendant-appellant is discharged.

*Judgment reversed.*

DYKE, P.J., and JAMES D. SWEENEY, J., concur.