DECISION AND JUDGMENT ENTRY
This accelerated appeal is before the court from a judgment denying appellant's "Crim.R. 47 Motion to Modify Sentence." While appellant, Michael Hibbler, sets forth a single assignment of error, we affirm the trial court's judgment on a different basis.
Once the trial court carries a valid sentence into execution as authorized by R.C. 2949.05, it no longer has the jurisdiction to amend or modify that sentence. State v. Rowe (1997), 118 Ohio App.3d 121, 123. When a sentence involves imprisonment, execution of sentence commences when the defendant is delivered from the temporary detention facility to the prison. In re Zilba (1996), 110 Ohio App.3d 258, 261 (Citations omitted.); State v. Garretson (June 30, 2000), Madison App. No. 99-10-123, unreported, quoting Brook Park v. Necak (1986),30 Ohio App.3d 118, 120. It is undisputed that appellant was sentenced on March 17, 1999 and was in prison at the time of his motion to modify. Thus, unless appellant's sentence was invalid, the trial court had no recourse except to deny the motion.
A sentence is invalid or void when the court attempts "to disregard statutory requirements when imposing the sentence." State v. Beasley
(1984), 14 Ohio St.3d 74, 75. See, also, Newburgh Heights v. Halasah, (1999), 133 Ohio App.3d 640, 646; Garretson, supra. In the present case, appellant was convicted of attempted possession of crack cocaine, a violation of R.C. 2923.02 and R.C. 2925.11(A) and (C)(4)(d), a felony of the second degree. R.C. 2925.11(C)(4)(d) reads, in material part:
 "If the amount of the drug involved * * * equals or exceeds ten grams but is less than twenty-five grams of crack cocaine, possession of cocaine is a felony of the second degree, and the court shall impose as a mandatory
prison term one of the prison terms prescribed for a felony of the second degree." (Emphasis added.)
R.C. 2929.14(A)(2), again as in effect at the time appellant committed the charged offense, indicates that a prison term for a second degree felony shall be "two, three, four, five, six, seven, or eight years." Here, appellant failed to file a transcript of the sentencing hearing; therefore, because the four year mandatory sentence meets the statutory requirements, it is not void. Accordingly, the trial court lacked the authority to modify appellant's sentence in the proceeding below.
Because it is an issue that cannot form the basis of a motion to modify a sentence, appellant's assignment of error concerning the trial court's failure to sentence him in accordance with a plea agreement is found not well-taken. The judgment of the Lucas County Court of Common Pleas on appellant's motion to modify is affirmed. Costs of this appeal are assessed to appellant.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Richard W. Knepper, P.J., JUDGES CONCUR.