JOURNAL ENTRY AND OPINION
In this accelerated appeal, Cornelius Tate appeals from a judgment of the Cleveland Municipal Court entered following a bench trial finding him guilty of speeding, failure to wear a seat belt, failure of his passenger to wear a seat belt, and driving without an operator's license. The court found him not guilty of driving under suspension. On appeal, he assigns the following as error for our review:
 THE TRIAL COURT ERRED IN OVERRULING, IN PART, APPELLANT-DEFENDANT'S ORAL MOTION TO RECONSIDER ITS ADVERSE RULING OF HIS RULE 29 MOTION, BY FAILING TO ALSO GRANT SUCH MOTION REGARDING COUNT A — EXCEEDING THE SPEED LIMIT; COUNT C — DRIVER SEAT BELT REQUIRED; AND, COUNT D — PASSENGER SEAT BELT REQUIRED; TOGETHER WITH THE RESULTING JUDGMENT OF GUILTY AS TO SUCH COUNTS.
Having reviewed the record and the legal arguments advanced, we affirm in part and reverse in part the judgment of the trial court. We also note that the State failed to file a brief in response.
At the bench trial, the city's only witness, Cleveland Police Officer Aman Gamble, testified that on February 20, 2000, while conducting routine traffic enforcement, he observed Tate traveling westbound on Euclid Avenue in excess of the posted 25 mile per hour speed limit. He further testified he activated the HR-12 K-ban radar which indicated Tate's vehicle was traveling at 40 miles per hour. At that time, he activated the overhead lights on the police car and initiated a traffic stop. As he approached the vehicle, he noticed that neither Tate nor his front seat passenger were wearing their seat belts. Officer Gamble also learned that Tate did not have a valid driver's license.
At this point the City of Cleveland rested. Tate moved for an acquittal of the charges pursuant to Crim.R. 29(A), which the court denied. The defense then rested. The trial court convicted Tate on all counts. This appeal followed. In Tate's sole assigned error, he argues the trial court should have reconsidered and granted his Crim.R. 29(A) motion.
Crim.R. 29(A), provides in part:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.* * *.
In this case, the City of Cleveland assumed the burden of proving Tate's guilt beyond a reasonable doubt for the offenses of speeding, failure to wear a seat belt, and no operator's license. Based on the testimony of Officer Gamble, we have determined that the City of Cleveland presented sufficient evidence to sustain a conviction of speeding and no operator's license.
Regarding the conviction for failure to wear a seat belt, however, this court has previously stated, * * * to establish a seat belt violation * * * the state is required to show that appellant operated his vehicle on a street or highway without wearing all the elements of his properly adjusted occupant restraining device. Village of Newburgh Heights v. Halasah (1999), 133 Ohio App.3d 640, 647, 729 N.E.2d 464.
Here, Officer Gamble testified that neither Tate nor his passenger had been wearing their seat belts when he approached the vehicle. The testimony reveals that at the time Officer Gamble approached, the vehicle had been pulled to the side of the road. No testimony has been offered to show that Tate was seen driving without his seat belt in place.
Therefore, according to Halasah, the evidence is insufficient to support a conviction for a seat belt violation.
We conclude the court did not err when it denied Tate's motion for acquittal as it related to the offenses of speeding and no operator's licences; but did err as it related to the offense of failure to wear a seat belt.
Accordingly, this assignment has merit and the judgment of the court is affirmed in part and reversed in part.
Judgment affirmed in part and reversed in part.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ PATRICIA ANN BLACKMON, J.:
MICHAEL J. CORRIGAN, P.J., and FRANK D. CELEBREZZE, J., CONCUR.