THE STATE OF OHIO, APPELLEE, *v.* BEASLEY, APPELLANT.

[Cite as State *v.* Beasley (1984), 14 Ohio St. 3d 74.]

(No. 83-1340—Decided December 12, 1984.)

*Mr. Arthur M. Ney, Jr.,* prosecuting attorney, and *Mr. Leonard Kirschner,* for appellee.

*Mr. William D. Cunningham,* for appellant.

*Per Curiam.* The question before this court is whether the trial court's erroneous imposition of a sentence less severe than the statutory minimum, and later correction of that sentence, violated the defendant's constitutional guarantee against double jeopardy. This guarantee serves an individual's interest in the finality of his sentence and protects against multiple punishments, as well as multiple prosecutions, for the same offense. *Benton* v. *Maryland* (1969), 395 U.S. 784. For the following reasons, however, we hold that jeopardy has not attached in this case, and that society's interest in enforcing the law, and in meting out the punishment the legislature has deemed just, must be served.

The function and duty of a court is to apply the law as written. R.C. 5145.01 states that the court shall impose no term of imprisonment "* * * less than the minimum term provided [by statute] for such felony."

This court in *Colegrove* v. *Burns* (1964), 175 Ohio St. 437, 438 [25 O.O.2d 447], described the role of a trial judge in sentencing a convicted criminal:

"* * * Crimes are statutory, as are the penalties therefor, and the only sentence which a trial judge may impose is that provided for by statute * * *. A court has no power to substitute a different sentence for that provided for by law."

Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void. The applicable sentencing statute in this case, R.C. 2929.11, mandates a two to fifteen year prison term and an optional fine for felonious assault. The trial court disregarded the statute and imposed only a fine. In doing so the trial court exceeded its authority and this sentence must be considered void. Jeopardy did not attach to the void sentence, and, therefore, the court's imposition of the correct sentence did not constitute double jeopardy.

The United States Supreme Court addressed a question similar to the one posed in the case at bar in *Ex parte United States* (1916), 242 U.S. 27. In that case the court denied a trial judge the power to indefinitely suspend a mandatory prison sentence. The court reasoned that it is the function of a court to construe statutes, not to defeat them. Clemency is a function of the Executive branch and the courts are without authority to free guilty defendants absent a specific legislative enactment. *Id.* at 29.

We recognize that the suspension of a correctly imposed sentence is different from the failure to impose a required sentence; however, the end results are the same. Both actions circumvent statutory sentencing requirements. Just as the United States Supreme Court has prohibited circumvention of statutory sentencing requirements by indefinitely suspending a sentence, we feel that that court would prohibit circumvention of a statutory sentencing requirement by a trial court's failure to originally impose a correct sentence. We therefore hold that the trial court's correction of a statutorily incorrect sentence did not violate appellant's right to be free from double jeopardy.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN, J., concurs in judgment only.