**The STATE of Ohio, Appellant,**

v.

**JONES, Appellee.**

[Cite as *State v. Jones* (1989), 65 Ohio App.3d 282.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55193.

Decided Nov. 13, 1989.

*John T. Corrigan,* Prosecuting Attorney, and *Michael Russo,* Assistant Prosecuting Attorney, for appellant.

*Carla M. Tricarichi,* for appellee.

PAUL H. MITROVICH, Judge.

Defendant Marshall Jones was indicted by the Cuyahoga County Grand Jury on one count of felonious assault with a firearm, including a gun specification, in violation of R.C. 2903.11.

On January 7, 1988, the trial court journalized an entry accepting defendant's guilty plea to the felonious assault charge.[1] The trial court's January 7, 1988 order sentenced defendant to a term of three to fifteen years with execution of this sentence suspended on three conditions: (1) defendant to be placed on one year probation; (2) serve six months at the Cleveland House of Corrections; and (3) pay court costs within ninety days after his release.

On January 15, 1988, the trial court amended its January 7, 1988 entry to sentence defendant to three months in county jail instead of six months at the Cleveland House of Corrections.

The state's motion for leave to appeal was granted by this court. The state's sole assignment of error follows:

"The trial court erred in failing to imprison the defendant, as required by law."

The state's assignment of error has merit.

R.C. 2903.11(B), felonious assault, provides in relevant part as follows:

"Whoever violates this section is guilty of felonious assault, an aggravated felony of the second degree."

For an aggravated felony of the second degree, with no prior convictions, the minimum term which may be imposed as a term of actual incarceration is three through fifteen years. R.C. 2929.11(B)(2)(a).

Moreover, R.C. 2951.02(F)(3) provides in relevant part as follows:

"(F) An offender shall not be placed on probation or otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

"* * * *

"(3) The offense involved was not a violation of section 2923.12 of the Revised Code and was committed while the offender was armed with a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code." (Emphasis added.)

In *State v. Beasley* (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774 (*per curiam*), the court stated as follows:

" 'Crimes are statutory, as are the penalties therefor, and the only sentence which a trial judge may impose is that provided for by statute * * *. A court has no power to substitute a different sentence for that provided for by law.'

"Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." *Beasley*,

---

1. In exchange for defendant's guilty plea, the state nolled the gun specification.

*supra,* at 75, 14 OBR at 512, 471 N.E.2d at 775, quoting *Colegrove v. Burns* (1964), 175 Ohio St. 437, 438, 25 O.O.2d 447, 447, 195 N.E.2d 811, 812.

In the case *sub judice,* defendant pleaded guilty to a violation of R.C. 2903.11, felonious assault, with a "gun" as defined in R.C. 2923.11. This offense was an aggravated felony of the second degree. R.C. 2903.11(B). Pursuant to R.C. 2929.11(B)(2)(a), the minimum and maximum terms of actual incarceration defendant could have been sentenced to were three to fifteen years. Furthermore, since defendant committed the felonious assault with a "firearm" as defined by R.C. 2923.11, defendant was not eligible for probation.

The trial court erred when it suspended defendant's sentence, placed defendant on probation and sentenced him to a three-month term in the county jail. The trial court's disregard for the statutory requirements when imposing defendant's sentence for felonious assault renders defendant's sentence a nullity. *Beasley, supra.*

Accordingly, the state's sole assignment of error is well taken and sustained.

The sentence is vacated and the cause is remanded for resentencing.

*Judgment accordingly.*

FRANCIS E. SWEENEY, P.J., and SAUL G. STILLMAN, J., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, and PAUL H. MITROVICH, J., of the Lake County Court of Common Pleas, sitting by assignment.