OPINION
Defendant-appellant, Gordon H. Silvers, appeals a nunc pro tunc order amending the entry imposing his sentence for the crime of attempted burglary, an aggravated felony of the third degree.
On October 30, 1986, appellant pled guilty to violating R.C.2923.02(A), attempted burglary. At that time, he was informed by the trial court that his sentence was an indefinite term of imprisonment of two, three, four or five to ten years in prison. On December 9, 1986, at the dispositional hearing, the trial court mistakenly stated that appellant's sentence was a two year definite term of imprisonment. Appellant's sentence was suspended and appellant was put on probation for five years.[1]
On February 1, 1989, appellant's probation was revoked due to his convictions for forgery, receiving stolen property, and theft, and the trial court filed an entry imposing sentences for the 1986 offenses. The entry stated that appellant's sentence for the attempted burglary charge was two years in prison. On March 9, 1989, the trial court filed a nunc pro tunc order changing the two year term to the minimum term permitted by statute, i.e., an indefinite sentence of two to ten years. Appellant moved for and was granted leave to file this appeal.
Appellant presents the following assignments of error for review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT INCREASED THE SENTENCE OF APPELLANT BY NUNC PRO TUNC ENTRY WITHOUT THE APPELLANT OR HIS ATTORNEY BEING PRESENT.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT INCREASED THE APPELLANT'S SENTENCE AFTER HAVING VIOLATED HIS PROBATION, A CRIME FOR WHICH HE HAD ALREADY SERVED A PORTION OF HIS ORIGINALLY IMPOSED SENTENCE.
Assignment of Error No. 3:
 IT WAS ERROR FOR THE COURT TO ACCEPT A PLEA WHEN THE RECORD REVEALS SERIOUS DOUBT SAID PLEA WAS KNOWINGLY MADE, WITH THE FULL KNOWLEDGE OF SENTENCES AND SANCTIONS INVOLVED.
For purposes of clarity, we begin with the third assignment of error in which appellant contends that his guilty plea was not made knowingly. Appellant argues that because there was some initial confusion concerning his sentence, he cannot be deemed to have understood the penalties that would stem from his plea of guilty. We disagree.
Crim.R. 11 sets forth the procedure the trial court must follow before accepting a defendant's guilty plea. It provides:
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 (b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
 (c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.
The record must demonstrate that the trial court substantially complied with this rule. State v. Elliot (1993), 86 Ohio App.3d 792,796. Here, the record shows that the trial judge thoroughly complied with the dictates of Crim.R. 11(C). The record includes the following colloquy between the trial judge and appellant.
 BAILIFF: Gordon Silvers, you're charged with Attempted Burglary in Count One; in Count Two, Attempted Drug Abuse. What is your plea?
DEFENDANT SILVERS: Guilty.
 BY THE COURT: Now, before we accept your plea, the Court wants to make sure it's done voluntarily, intelligently and knowingly on your part, Mr. Silvers.
 You understand that you don't get a trial when you enter a guilty plea. Do you understand that?
DEFENDANT SILVERS: Yes, sir.
 BY THE COURT: You don't get that now, do you understand?
DEFENDANT SILVERS: [No audible response.]
 BY THE COURT: You also, when you don't get a trial, you understand that you give up the right to face your accusers, who are the witnesses, to have your attorney cross-examine them, to have you own witnesses here without cost to you; and, you give up the right to remain silent. Because, you don't have to say a word, but you do — you have testified today, you said you're guilty. You give up those rights, you understand that?
DEFENDANT SILVERS: Yes, sir.
 BY THE COURT: Are you now under the influence of any alcohol, hallucinogens or drugs?
DEFENDANT SILVERS: No, sir.
 BY THE COURT: What I'm really asking: Do you understand everything we're saying?
DEFENDANT SILVERS: Yes, sir.
 BY THE COURT: Any promises or threats made in exchange for this plea?
DEFENDANT SILVERS: No, sir.
 BY THE COURT: You understand, now, the penalties for this, I'd give you up to two years on that Attempted Burglary and a $5,000 fine and six months on the Drug Abuse, and a $1,000 fine, do you understand that?
DEFENDANT SILVERS: Yes, sir.
 BY THE COURT: Now, wait a minute, we got something wrong with these penalties.
 MR. McGEE [Counsel for defendant (appellant)]: Okay, Your Honor, what is it?
 BY THE COURT: Attempted Burglary, aggravated felony of the third degree?
MR. McGEE: That's correct.
 BY THE COURT: You sure do have those penalties wrong.
MR. McGEE: Oh, okay.
 BY THE COURT: I knew something didn't ring true there.
 Aggravated felony of the third degree, maximum, five to ten years.
MR. McGEE: Oh, it has an indefinite term?
 BY THE COURT: Aggravated felony of the third degree, right?
MR. McGEE: That's correct, Your Honor.
 BY THE COURT: Mr. Leshner, is that what you're charging him with?
 MR. LESHNER [Counsel for the state of Ohio]: Yes.
 BY THE COURT: In other words, two, three, four, five to ten years. And, maximum fine, $5,000.
 You understand that, now? That's an aggravated felony of the third degree — I didn't think that sounded right. An Attempted Burglary's a pretty serious thing here. And, the penalty can be two to ten; three to ten; four to ten; or five to ten. We could impose any of those sentences. Do you understand that?
DEFENDANT SILVERS: Yes, sir.
 BY THE COURT: Have you consulted with your — your attorney in this matter?
DEFENDANT SILVERS: Yes.
 BY THE COURT: Are you satisfied with his advice?
DEFENDANT SILVERS: Yes.
 BY THE COURT: Do you now have any questions of your attorney or of the Court concerning your rights in this matter?
DEFENDANT SILVERS: No, sir.
 BY THE COURT: All right, you still want us to accept your guilty plea?
DEFENDANT SILVERS: [No audible response.]
BY THE COURT: Speak up.
DEFENDANT SILVERS: Yes, sir.
Despite the initial misstatement by the trial court concerning the sentence for attempted burglary, it is obvious from the above exchange that appellant was fully aware of the potential penalties for that offense before he entered his guilty plea. Therefore, we find that his guilty plea was made knowingly and voluntarily and fully in compliance with Crim.R. 11. Appellant's third assignment of error is overruled.
Next, we consider appellant's first assignment of error, in which he argues that the trial court abused its discretion when it filed an entry "increasing" his sentence in the absence either of him or his attorney. Having reviewed the record, we find no abuse of discretion by the trial court.
Crim.R. 36 provides that "errors in the record arising from oversight or omission may be corrected by the court at any time." A trial court has broad authority under Crim.R. 36 to correct a legally improper sentence at any time, even if it thereby imposes a greater penalty. State v. Bruce (1994), 95 Ohio App.3d 169,172-73; State v. Bell (Jan. 31, 1994), Butler App. No. CA93-07-143, unreported.
Our review of the record indicates that the definite two year term of imprisonment imposed by the trial court at the December 9, 1986 sentencing hearing was legally improper, and that appellant should instead have been sentenced to an indefinite term of imprisonment of at least two to ten years pursuant to R.C. 2929.11(B)(3)(a). It is apparent from the proceedings that the original two year definite term was inadvertently imposed. This error was perpetuated by a clerical error in the February 1, 1989 entry. The initial oversight and the subsequent clerical error were properly corrected under Crim.R. 36 in the March 9, 1989 amended entry. Thus, we find no error by the trial court in correcting appellant's sentence to comply with the requirements of R.C. 2929.11(B)(3)(a). Appellant's first assignment of error is overruled.
Finally, we address appellant's second assignment of error. Appellant argues that the trial court's correction of his sentence violated his constitutional guarantee against double jeopardy because the sentence in the March 1989 amended entry is greater than the sentence in the February 1989 entry. The Supreme Court of Ohio addressed this issue in State v. Beasley (1984),14 Ohio St.3d 74. In that case the court held that the "trial court's correction of a statutorily incorrect sentence [does] not violate appellant's right to be free from double jeopardy." Id. at 76. The court reasoned that a court's attempt to impose a sentence that disregards statutory requirements renders the sentence null and void. Id. at 75. Because jeopardy does not attach to a void sentence, when the court imposes the correct sentence, there is no double jeopardy. Id. See, also, Bozza v. United States (1947), 330 U.S. 160,166-67; 67 S. Ct. 645, 649. We have already established that the sentence recorded in the February 1989 entry was incorrect. Therefore, when the trial court changed that sentence to comply with the applicable statute, there was no double jeopardy violation. Appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, J., concurs.
KOEHLER, J., dissents.
[1] During these same proceedings, appellant also pled guilty to attempted drug abuse in violation of R.C. 2923.02(A). He has not appealed the sentence imposed for that offense.