JOURNAL ENTRY AND OPINION OF DECISION
In CR 358144, defendant Gerald Nichols pleaded guilty to aggravated assault, a fourth degree felony. In CR 360661, defendant pleaded guilty to attempted burglary, likewise a fourth degree felony. The court imposed consecutive eighteen month prison terms. This consolidated appeal claims the court erred by (1) classifying the attempted burglary a fourth degree felony and (2) imposing maximum prison terms for both offenses without stating on the record that defendant met the requisite statutory criterion for imposing maximum sentences.
 I
The indictment in CR 360661 originally charged defendant with committing burglary, a violation of R.C. 2911.12. Both the state and defense counsel told the court that the charged offense constituted a felony of the third degree. The parties agreed that defendant would plead guilty to an amended indictment containing the charge of attempted burglary, and that the offense should be classified as a felony of the fourth degree. Defendant maintains both counsel erred by assuming that the original charge constituted a third degree felony because a burglary charge can only be a third degree felony when the indictment charges that the offender trespassed in an occupied structure "with purpose to commit in the structure * * * any criminal offense." Because the indictment did not originally charge that defendant acted with purpose to commit in the structure * * * any criminal offense," he claims that the court should have proceeded as though the original indictment charged a fourth degree felony and his plea to an attempted burglary should lowered the degree of the offense to a fifth degree felony — with its presumption against prison time.
The burglary statute, R.C. 2911.12, provides:
 (A) No person, by force, stealth, or deception, shall do any of the following:
 (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;
 (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;
 (3) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense;
 (4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
* * *
 (C) Whoever violates this section is guilty of burglary. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree. A violation of division (A)(4) of this section is a felony of the fourth degree.
The indictment charged that defendant "did by force, stealth, or deception, trespass in a permanent or temporary habitation of [the victim], when any person was present or likely to be present." This language fits within the language of division (A)(4) to R.C. 2911.12. According to R.C. 2911(C), a violation of division (A)(4) to R.C. 2911.12 constitutes a felony of the fourth degree.
Because the indictment charged a felony offense of the fourth degree, any plea to an attempt to commit that act should have been a felony of the fifth degree. R.C. 2923.02(E) states that with the exception of an attempt to commit aggravated murder, an attempt to commit any other felony offense is an offense of the next lesser degree than the offense attempted.
We agree with defendant that his plea to an attempt to commit a fourth degree felony brought the degree of the offense down to fifth degree felony. For a fifth degree felony, a trial court may impose a prison sentence of six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5). The court's eighteen month sentence exceeded the applicable statutory limits and must be considered void. See State v. Beasley (1984), 14 Ohio St.3d 74,75. Accordingly, we sustain the first assignment of error and remand for resentencing in CR 360661.
 II
Defendant next claims the court erred by sentencing him to maximum sentence in CR 358144 without first finding he met the statutory criteria for having the maximum sentence imposed upon him.
R.C. 2929.14(C) states:
 (C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
The relevant provision of R.C. 2929.14(C) for imposing the maximum prison sentence in this case is that defendant posed the greatest likelihood of committing future crimes. To impose the maximum sentence, there must be a finding on the record that the of fender posed the greatest likelihood of recidivism. See Statev. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported;State v. Beasley (June 11, 1998), Cuyahoga App. No. 72853, unreported. We do not require the court to utter any "magic" or "talismanic" words, but it must be clear from the record that the court made the required findings. See State v. Stribling (Dec. 10, 1998), Cuyahoga App. No. 74715, unreported.
At sentencing, the court reviewed defendant's "extensively violent" criminal record. Beginning in 1973, defendant had been convicted of carrying a concealed weapon, aggravated robbery, felonious assault, assault of a Federal officer, grand theft, and receiving stolen property. The court also noted that between 1991 to 1997, defendant received probation for cocaine charges, drug abuse charges, disorderly conduct, theft, open container law, and falsification of records.
The court also recited the facts of the case as contained in the presentence report. Those facts showed defendant and his female victim became involved in an argument. He threw her down on a mattress, held her down, covered her mouth and beat her about the head and body.
The court then recited the purposes behind the felony sentencing statute and reviewed on the record the various factors that must be considered when imposing the maximum sentence. The court stated:
 I find, as a matter of law, that any sentence less than 36 months would, in the context of this case and your criminal background, demean the seriousness of your conduct. The Court is also obliged to take into account the impact of this conduct upon the victim, in this case two separate victims. I would state for the record that Revised Code 2929.11 does not refer to the offense but the conduct of the defendant which brought about the offense.
Finally, the court's journal entry imposing sentence stated, "defendant has an extensive history of criminal convictions. Defendant shows no genuine remorse and has failed to respond favorably in the past to sanctions."
All this information concerning defendant's "extensively violent" criminal history and his failure "to respond favorably in the past to sanctions" more than supports the court's decision to impose the maximum sentence because the record suggests defendant posed the greatest likelihood of committing future crimes.
We take this opportunity to note that a court's duty when imposing a maximum sentence is not onerous. The sentencing statutes permit the court to impose a maximum sentence when, among things, the offender commits the worst form of the offense or poses the greatest likelihood of committing future crimes. It seems to us to be a small matter for the courts to state expressly the basis for imposing the maximum sentence and the reasons justifying that basis. We do not mean to suggest that the courts must utter "magic words" when imposing sentence, but the new sentencing statutes were meant to clarify procedure, not muddle it. Many appeals to this court could have been avoided if the courts were more explicit during sentencing.
The second assignment of error is overruled.
Judgment in Case No. 74733 [CR 360661] is affirmed; judgment in Case No. 74732 [CR 358144] is reversed and remanded for resentencing.
This cause is affirmed (as to Case No. 74733) and reversed and remanded for resentencing to the lower court (as to Case No. 74732) for further proceedings consistent with this opinion.
It is, therefore, considered that in Case No. 74732 said appellant recover of said appellee his cost herein and in Case No. 74733 appellee recover of said appellant its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES F. POPTER, A.J. JAMES D. SWEENEY, J., CONCUR.
 ___________________________________ JUDGE JOHN T. PATTON