This cause came on to be heard upon the accelerated calender pursuant to App.R. 11.1 and Loc.App.R. 25, the record from the Cuyahoga County Court of Common Pleas, oral argument and the briefs of counsel. James P. Mayer, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, Case No. CR-356297, in which the trial court sentenced defendant-appellant to an eighteen month prison sentence on the offense of driving under the influence, in violation of R.C. 4511.19(a)(1), a felony of the fourth degree. Defendant-appellant assigns two errors for this court's review.
Defendant-appellant's appeal is well taken.
On September 8, 1997, defendant-appellant was arrested and charged with operating a motor vehicle while under the influence of alcohol and/or a drug of abuse. Defendant-appellant's breath alcohol level was. 232 at the time of his arrest. Defendant-appellant had multiple prior convictions for operating a motor vehicle while under the influence of alcohol within the past six years. Accordingly, pursuant to R.C. 4511.19(a)(1), he was charged with a felony of the fourth degree.
Defendant-appellant was arraigned on December 1, 1997, whereupon he entered a plea of not guilty to the indictment. Subsequently, on December 29, 1997, defendant-appellant withdrew his formerly entered plea of not guilty and entered a plea of guilty to the indictment. This was defendant-appellant's first felony conviction for driving under the influence. The trial court referred defendant-appellant to the Cuyahoga County Probation Department for completion of a pre-sentence investigation and report.
On January 26. 1998, the trial court sentenced defendant-appellant to eighteen months in the Lorain Correctional Institution. The sentencing journal entry was not filed, however, until December 4, 1998. In the interim, defendant-appellant filed three separate motions for judicial release on March 30, 1998, July 20, 1998 and October 29, 1998, respectively. Defendant-appellant also filed a motion to modify or correct the sentence on September 16, 1998, in which defendant-appellant argued that he could only be sentenced to a maximum term of one year incarceration in jail on the indicted offense of driving under the influence rather than the eighteen month prison sentence imposed by the trial court in this case. All post-sentence motions were denied by the trial court.
Defendant-appellant has filed a timely notice of appeal from the judgment of the trial court.
Defendant-appellant's first assignment of error states:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT SENTENCED DEFENDANT-APPELLANT TO ONE AND ONE-HALF YEARS (1 AND 1/2) TO PRISON (LORAIN CORRECTIONAL INSTITUTION) AS DEFENDANT-APPELLANT WHO WAS CONVICTED AND SENTENCED BY THE TRIAL COURT TO A FIRST OFFENSE REGARDING FELONY DRIVING UNDER THE INFLUENCE LACKS AUTHORITY TO SENTENCE DEFENDANT-APPELLANT TO ONE AND ONE-HALF (1 AND 1/2) YEARS UNDER THE RELEVANT OHIO REVISED CODE CONVICTION AND SENTENCING STATUTES, WHICH ALLOWS THE TRIAL COURT TO SENTENCE THE DEFENDANT-APPELLANT, WHO WAS CONVICTED OF FIRST OFFENSE FELONY DRIVING UNDER THE INFLUENCE, UP TO A MAXIMUM OF ONE YEAR JAIL INCARCERATION (SENTENCING OF DEFENDANT-APPELLANT, P. 23)
Defendant-appellant's second assignment of error states:
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, IN DENYING DEFENDANT-APPELLANT'S MOTION TO MODIFY OR CORRECT THE SENTENCE WHEREIN THE DEFENDANT-APPELLANT WAS CONVICTED AND SENTENCED FOR A FIRST OFFENSE FELONY DRIVING UNDER THE INFLUENCE TO ONE AND ONE-HALF YEARS IN PRISON WHEREIN THE RELEVANT OHIO REVISED CODE CONVICTION AND SENTENCING STATUTES ALLOW A TRIAL COURT TO SENTENCE A FIRST OFFENSE OFFENDER FOR FELONY DRIVING UNDER THE INFLUENCE CONVICTION UP TO A MAXIMUM OF ONE YEAR JAIL INCARCERATION (MOTION TO MODIFY OR CORRECT THE SENTENCE P.17).
Having a common basis in both law and fact, this court shall consider defendant-appellant's first and second assignments of error simultaneously. Defendant-appellant argues, through his first and second assignments of error, that he was improperly sentenced to eighteen months in prison on the offense of driving under the influence, in violation of R.C. 4511.19(A)(1), a felony of the fourth degree. Specifically, defendant-appellant maintains that, since the underlying conviction was his first felony driving under the influence conviction, he could only be sentenced to a maximum term of one year incarceration in jail pursuant to R.C. 2929.13(G) and R.C. 2929.16(A)(3) rather than the eighteen month prison sentence imposed by the trial court. Defendant-appellant argues further that the trial court abused its discretion by failing to correct the underlying sentence.
R.C. 4511.19(A)(1), Ohio's driving under the influence statute, states:
 (A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;
R.C. 4511.99(A)(4)(a) provides in pertinent part:
 (4)(a) If, within six years of the offense, the offender has been convicted of or pleaded guilty to three or more violations of division (A) or (B) of section 4511.19 of the Revised Code * * *, or if the offender previously has been convicted of or pleaded guilty to a violation of division (A) of section 4511.19 of the Revised Code under circumstances in which the violation was a felony and regardless of when the violation and the conviction or guilty plea occurred, the offender is guilty of a felony of the fourth degree. The court shall sentence the offender in accordance with sections 2929.11 to 2929.19 of the Revised Code and shall impose as part of the sentence a mandatory term of local incarceration of sixty consecutive days of imprisonment in accordance with division (G)(1) of section 2929.13 of the Revised Code or a mandatory prison term of sixty consecutive days of imprisonment in accordance with division (G)(2) of that section, whichever is applicable. * * *
R.C. 2929.13(G)(1) provides in pertinent part:
 (G) Notwithstanding divisions (A) to (E) of this section, if an offender is being sentenced for a fourth degree felony OMVI offense, the court shall impose upon the offender a mandatory term of local incarceration or a mandatory prison term in accordance with the following:
 (1) Except as provided in division (G)(2) of this section, the court shall impose upon the offender a mandatory term of local incarceration of sixty days as specified in division (A)(4) of section 4511.99
of the Revised Code and shall not reduce the term pursuant to section 2929.20, 2967.193 [2967.19.3], or any other provision of the Revised Code. The court that imposes a mandatory term of local incarceration under this division shall specify whether the term is to be served in a jail, a community-based correctional facility, a halfway house, or an alternative residential facility, and the offender shall serve the term in the type of facility specified by the court. The court shall not sentence the offender to a prison term and shall not specify that the offender is to serve the mandatory term of local incarceration in prison.
* * *
Finally, R.C. 2929.16(A)(3) states in pertinent part:
 (A) * * * The court imposing a sentence for a fourth degree felony OMVI offense upon an offender who is required to serve a mandatory term of local incarceration pursuant to division (G)(1) of section 2929.13 of the Revised Code may impose upon the offender, in addition to the mandatory term of local incarceration, a community residential sanction or combination of community residential sanctions under this section, and the offender shall serve or satisfy the sanction or combination of sanctions after the offender has served the mandatory term of local incarceration required for the offense. Community residential sanctions include, but are not limited to, the following:
* * *
 (3) If the offender is convicted of a fourth degree felony OMVI offense and is sentenced pursuant to division (G)(1) of section 2929.13 of the Revised Code, a term of up to one year in jail less the mandatory term of local incarceration of sixty consecutive days of imprisonment imposed pursuant to that division:
* * *
In the case sub judice, it is undisputed that defendant-appellant was properly indicted for driving under the influence in violation of R.C. 4511.19. It is also undisputed that, due to defendant-appellant's prior record, the offense in question constituted a felony of the fourth degree pursuant to R.C. 4511.99(A)(4)(a). A review of the record from the trial court demonstrates that the underlying offense was defendant-appellant's first felony conviction of driving under the influence. Accordingly, defendant-appellant should have been sentenced pursuant to R.C. 2929.13(G)(1) and R.C. 2929.16(A)(3) by which the trial court may only impose a maximum sentence of one year in jail less any mandatory term of local incarceration imposed pursuant to 2929.13(G)(1). Therefore, the trial court's sentencing options as to defendant-appellant's first felony driving under the influence conviction are, in addition to a fine, as follows: (1) a mandatory term of local incarceration of sixty days as specified in division (A)(4)(a) of section 4511.99
of the Revised Code; (2) up to one year in jail as specified in division (A)(3) of section 2929.16 of the Revised Code; and (3) community control sanctions not to exceed five years as specified in division (A)(1) of section 2929.15 of the Revised Code. SeeState v. Kendrick (Nov. 16, 1998), Butler App. No. CA98-05-092, unreported. In addition, R.C. 2929.13(G)(1) mandates that for an offender's first felony OMVI conviction, the offender is not to serve the mandatory term of local incarceration specified in R.C.4511.99(A)(4)(a), in prison, but rather, in a jail, a community based correctional facility, a halfway house or an alternative residential facility.[1] Therefore, it is apparent from the record, that the trial court improperly sentenced defendant-appellant to an eighteen month prison term on defendant-appellant's first felony OMVI conviction and erred by failing to modify the improper sentence. State v. Beasley (1984), 14 Ohio St.3d 74,471 N.E.2d 774.
Defendant-appellant's first and second assignments of error are well taken.
Judgment of the trial court is hereby reversed and remanded for re-sentencing consistent with this court's opinion.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, P.J., and BLACKMON, J., CONCUR.
 ___________________________ MICHAEL J. CORRIGAN JUDGE
[1] This section is in contrast with subsection (G)(2) which mandates that for any subsequent felony OMVI convictions, the offender must serve a mandatory term of local incarceration of sixty days, as set forth in R.C. 4511.99(A)(4)(a), in prison. See Kendrick, supra.