ACCELERATED DOCKET JOURNAL ENTRY and OPINION
This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 25.
Appellant Dwayne Vaughters appeals from the juvenile court's order committing him to the custody of the Department of Youth Services for a minimum of four years. We find merit to the appeal and vacate and remand for an appropriate disposition to be entered.
A juvenile complaint was filed against Vaughters for an offense that would be aggravated robbery with a gun specification if committed by an adult. Vaughters, who was seventeen years old at the time of the offense, was automatically bound over to the common pleas court because his accomplice used a handgun in committing the offense. The Ohio Supreme Court subsequently decided State v. Hanning (2000), 89 Ohio St.3d 86, in which it held that a juvenile could not be bound over solely because his accomplice possessed a handgun during the commission of an offense. Vaughters was therefore returned to juvenile court.
The matter was set for a discretionary bindover hearing. Before the hearing was held, the State agreed to dismiss the gun specification and Vaughters agreed to admit to the allegations in the complaint and stipulate to a disposition of a minimum of four years in the custody of the Department of Youth Services.
Vaughters now appeals and assigns two assignments of error.
 I. THE TRIAL COURT EXCEEDED ITS STATUTORY AUTHORITY WHEN IT COMMITTED DWAYNE VAUGHTERS TO A MINIMUM OF FOUR (4) YEARS AND A MAXIMUM OF HIS TWENTY-FIRST BIRTHDAY IN THE DEPARTMENT OF YOUTH SERVICES FOR AGGRAVATED ROBBERY, A FELONY OF THE FIRST DEGREE IF COMMITTED BY AN ADULT.
Vaughters argues that the juvenile court erred in accepting his stipulation to a commitment of a minimum of four years in the custody of the Department of Youth Services because, pursuant to R.C.2151.355(A)(5)(a), he can only be institutionalized for a minimum period of one to three years and a maximum period not to exceed the child's attainment of twenty-one years of age.
We find, and in fact the State concedes, that Vaughters' argument has merit. Pursuant to R.C. 2151.355(A)(5)(a), Vaughters can only be committed to the custody of the Department of Youth Services for a minimum of one to three years and a maximum period not to exceed his attainment of twenty-one years of age. Therefore, the juvenile court's acceptance of Vaughters' stipulation to serving a minimum commitment of four years is improper. A court has no power to substitute a different sentence for that provided by law. State v. Beasley (1984),14 Ohio St.3d 74, 75. Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void. Id.
We therefore vacate Vaughters' disposition and remand for the trial court to enter an appropriate minimum disposition in compliance with R.C. 2151.355(A)(5)(a).
Vaughters' first assignment of error is sustained.
 II. DWAYNE VAUGHTERS WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT TO HIS SENTENCE OR OTHERWISE BRING THE SENTENCING ERROR TO THE COURT'S ATTENTION.
Given our disposition in the first assignment of error, this assignment of error is moot. App.R. 12(A)(1)(c).
Vaughters' disposition is vacated and remanded for further proceedings.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Juvenile Court Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and JAMES J. SWEENEY, J., CONCUR