JOURNAL ENTRY AND OPINION
Juvenile-appellant Khary Ingram appeals his sentence following his plea bargain in juvenile court.
The juvenile, a seventeen-year-old boy with an extensive prior juvenile history, was accused of breaking into a neighbor's home and stealing items from the home. A complaint was filed alleging that he was a delinquent child for committing the offense of burglary in violation of R.C. 2911.12(A)(2), which offense would be a second degree felony if committed by an adult. Initially the juvenile denied the charge. However, the prosecutor filed a motion to relinquish jurisdiction to the common pleas court, at which time the juvenile agreed to a negotiated plea agreement. He agreed to admit to the charges and to a minimum two-year confinement to the Department of Youth Services. He timely appealed.
The juvenile states two assignments of error. For his first assignment of error, the juvenile states,
 I. THE TRIAL COURT EXCEEDED ITS STATUTORY AUTHORITY WHEN IT COMMITTED KHARY INGRAM TO A MINIMUM OF TWO (2) YEARS AND A MAXIMUM OF HIS TWENTY-FIRST BIRTHDAY IN DEPARTMENT OF YOUTH SERVICES FOR BURGLARY, A FELONY OF THE SECOND DEGREE IF COMMITTED BY AN ADULT.
The juvenile argues that the juvenile court exceeded its authority by committing him to a term which exceeds the minimum term permitted by statute. R.C. 2151.355(A) lists the terms to which a juvenile can be committed. R.C. 2151.355(A)(5) states that a juvenile may be committed for a minimum of one year and a maximum of his twenty-first birthday for an offense that would be a second degree felony if committed by an adult. He states, therefore, that the court was without authority to increase his minimum confinement, despite the plea agreement.
The juvenile is correct. As this court recently noted in In Re: DwayneVaughters (Nov. 1, 2001), Cuyahoga App. No. 79056, unreported, 2001 Ohio App. LEXIS 4890, despite any plea agreement made between the juvenile and the prosecutor, the "court has no power to substitute a different sentence for that provided by law. * * * Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." Id. at 3, citing State v. Beasely
(1984), 14 Ohio St.3d 74, 75.
Therefore, as in Vaughters, we remand this case to the trial court for resentencing with the appropriate minimum term of confinement as defined in R.C. 2151.355(A)(5).
The first assignment of error is sustained.
For his second assignment of error, the juvenile states,
 II. KHARY INGRAM WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO OBJECT TO THIS SENTENCE OR OTHERWISE BRING THE SENTENCING ERROR TO THE COURT'S ATTENTION.
In light of the disposition of the first assignment of error, the second assignment of error is moot.
The disposition is vacated and remanded for further proceedings consistent with this opinion.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, ADM.J., and PATRICIA ANN BLACKMON, J., CONCUR.