JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Will C. Abner ("appellant") appeals from the sentence imposed upon him in the Cuyahoga County Court of Common Pleas. For the reasons stated below, we reverse and order the appellant discharged.
 I {¶ 2} On June 26, 1975, appellant was indicted on fourteen counts of rape, seven counts of kidnapping, four counts of felonious assault, five counts of aggravated burglary, and one count of attempted rape. Later that year, appellant pled guilty to eight counts of rape,[1] one count of attempted kidnapping,[2] and two counts of aggravated burglary.[3]
 {¶ 3} Following his pleas of guilty, appellant was sentenced to a term of imprisonment. The journal entry sentencing appellant, dated October 17, 1975, ordered that counts 1 and 2 were to run consecutive to each other. Count 2, however, was nolled by the state pursuant to the plea agreement with appellant. Neither appellant nor the state addressed this oversight.
 {¶ 4} On February 14, 2002, and pursuant to R.C. 2950.09(C), a hearing was held to determine whether appellant was a sexual predator. On February 11, 2002, appellant filed a motion to dismiss the sexual predator hearing and a petition for writ of habeas corpus and notice of expiration of sentence. At the hearing, the trial court determined that appellant's sentence was intended to impose consecutive sentences, despite the omission of a valid count within which to run consecutive with count 1.[4] Therefore, the court entered a nunc pro tunc entry modifying the 1975 entry to read, "count 1 to run consecutive with count 3" and concurrent with all remaining counts. The court also found appellant to be a sexual predator. Appellant appealed the court's findings.
 {¶ 5} On appeal, we found that the nunc pro tunc entry was improper and that the original trial court's sentence was not in conformity with the sentencing statute.[5] We held, in part, that the original sentence was void as count 2 was nolled and, therefore, no sentence could run consecutive to it. Statev. Beasley (1984), 14 Ohio St.3d 74. We further found that since the sentence was void, appellant's argument that he had served his sentence and therefore was entitled to release, was without merit. We elected to remand for resentencing.
 {¶ 6} On April 23, 2003, the trial court resentenced appellant to a term of 5 to 25 years on count 1, 5 to 25 years on count 3, to run consecutive with count 1, and 5 to 25 years on counts 8, 11, 14, 18, 20, and 22, to run concurrent with count 1. On count 26, the court imposed 3 to 10 years and on counts 27 and 30, the court imposed 5 to 25 years, to run concurrent with all other counts. Appellant's sentence totaled 10 to 50 years, with almost 28 years served.
 {¶ 7} It is from this sentence that appellant advances one assignment of error for our review.
 II {¶ 8} In his sole assignment of error, appellant argues that "the trial court lost jurisdiction to resentence the defendant-appellant due to A) the 28 year delay between the plea and sentence; B) the defendant-appellant had not only begun to serve his sentence on count three in 1975 but had completed the entire sentence by 2003; and C) the entire original sentence by 2003 was not void, only the provision requiring that count one be served consecutively to count two."
 {¶ 9} For the reasons stated below, we reverse the sentence imposed and discharge appellant.
 {¶ 10} In Abner 1, this court determined that appellant's sentence was invalid and a nullity for failure to comply with statutory requirements. The court held that "it is as though such proceedings had never occurred * * *" and elected to remand for resentencing.
 {¶ 11} While this court determined the original sentence was "invalid" and a "nullity" in Abner 1, that does not mean the defendant did not serve a sentence. In contrast to appellant's argument, the court did not find that the sentencing hearing itself was invalid, only the sentence imposed. We find that the sentencing hearing was held within a reasonable time following appellant's plea, and therefore appellant's jurisdictional arguments are without merit.[6]
 {¶ 12} Although there is wide speculation as to what the original trial judge intended appellant's sentence to be, those intentions are unable to be ascertained without the transcript of proceedings. In fact, as this court opined in Abner 1, "any attempt to correct the sentencing entry would constitute mere guessing and not reflect the `true action' taken in 1975."
 {¶ 13} The 1975 entry provides that on count 1, appellant received 5 to 25 years, to run concurrent with all remaining counts, the greatest of which was also 5 to 25 years. Therefore, the greatest sentence appellant could have served, upon the face of the sentencing entry, was 5 to 25 years.
 {¶ 14} Under State v. Beasley (1984), 14 Ohio St.3d 74, the protection against double jeopardy is not violated where a trial court imposes a sentence which is not authorized by statute and then corrects its own error by resentencing the defendant to a legally proper penalty.
 {¶ 15} In the case sub judice, however, we are without the benefit of the sentencing transcripts. In such an unusual situation, a trial judge is in no position to determine the intent of another judge or to correct supposed errors that occurred 28 years earlier.
 {¶ 16} We find that when appellant was brought before the current trial court to determine whether he qualified as a sexual predator, the appellant's sentence had already been served. On remand from this court, the only option was to sentence appellant to time served. Resentencing appellant to a consecutive term giving an additional penalty of incarceration, without having the benefit of the sentencing transcript, amounts to imposing multiple sentences for the same offense.
 {¶ 17} We find that appellant has served the time for which he was sentenced in 1975.
 {¶ 18} The judgment is reversed.
 {¶ 19} The appellant is discharged.
Judgment reversed and appellant discharged.
 Karpinski, P.J., and Gallagher, JJ., concur.
This cause is reversed and appellant is discharged.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Counts 1, 3, 8, 11, 14, 18, 20, 22.
[2] Count 26.
[3] Counts 27 and 30.
[4] The court was without the benefit of the original plea or sentence transcripts as they were destroyed by fire.
[5] State v. Abner, Cuyahoga App. No. 81023, 2002-Ohio-6504, ("Abner 1").
[6] Further, the vacating of a sentence by an appellate court, even where the original sentence is deemed a "nullity and void," should never serve as a springboard to a claim of "unreasonable delay" under either Crim.R. 32(A) or case law documenting "unreasonable delay by a trial court."