JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Sonia Barfield ("Barfield"), appeals her six-month prison sentence imposed by the trial court. On July 25, 2002, Barfield was indicted for possession of crack cocaine, a felony of the fifth degree. Because the certified summons was returned non-delivered, a capias was issued. On November 7, 2002, Barfield appeared at her arraignment and entered a plea of not guilty. A second capias was issued, however, when Barfield failed to appear for the first scheduled pretrial. Thereafter, Barfield moved the court for a continuance to apply for intervention in lieu of conviction, which the trial court granted on December 3, 2002. The trial court set the case for trial on January 7, 2003 in the event that Barfield's participation in the treatment was unacceptable for any reason.
 {¶ 2} On the scheduled day of trial, Barfield failed to appear and a third capias was issued. The trial court ordered Barfield to appear in court on February 7, 2003. After seven months, the capias was returned and Barfield was in custody. A second pretrial was set for October 6, 2003. On October 6, 2003, Barfield appeared in court, retracted her former plea of not guilty, and entered a plea of guilty to possession of drugs in violation of R.C. 2925.11. On October 28, 2003, Barfield was sentenced to six months in prison. Barfield now appeals.
 {¶ 3} For her third assignment of error,[1] Barfield contends that the trial court erred in imposing post-release control in its journal entry when it failed to advise her of its terms at the time of sentencing. Upon review of the record, appellant's contention is well taken.
 {¶ 4} In Woods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171,733 N.E.2d 1103, paragraph two of the syllabus, the trial court, pursuant to R.C. 2967.28(B) and (C), "must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence." R.C.2929.19(B)(3)(e) provides that if a period of post-release control is imposed following the offender's release from prison, the court must, at the sentencing hearing, notify the offender of the consequences of a violation of that post-release control.
 {¶ 5} Here, absent from the record is any indication that the trial court advised Barfield about post-release control at the time of sentencing, although it did mention post-release control in its sentencing entry. Although there is a difference of opinion, even within this district, on whether an erroneous imposition of post-release control should be remanded for resentencing or whether post-release controls are forever foreclosed, the weight of authority within this district is that such errors should be remanded for resentencing. See State v.Jordan, Cuyahoga App. No. 80675, 2002-Ohio-4587, ¶ 15, appeal granted State v. Jordan, 98 Ohio St.3d 1460, 2003-Ohio-644,783 N.E.2d 519; cf. State v. Finger, Cuyahoga App. No. 80691, 2003-Ohio-402, discretionary appeal allowed, 99 Ohio St.3d 1470,2003-Ohio-3801, 791 N.E.2d 985. Because post-release control is governed by statute under R.C. 2967.28(B) and (C), the imposition of that part of a sentence that did not comply with the statutory requirements would be void. See State v. Beasley (1984),14 Ohio St.3d 74, 75, 471 N.E.2d 774 ("[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void"). As a result, since the trial court neglected to impose post-release controls, the sentence is void and is remanded for resentencing.
 {¶ 6} Judgment reversed and remanded for resentencing.
This cause is reversed and remanded for resentencing.
It is, therefore, ordered that said appellant recover of said appellee her costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, J., and Gallagher, J., Concur.
[1] We will only address Barfield's third assignment of error because the analysis and outcome of it renders Barfield's first and second assignments of error moot for our review.