JOURNAL ENTRY and OPINION
{¶ 1} When sentencing defendant Robert Scales, the court concededly failed to advise him that post-release control would be a part of the sentence. The sole issue concerns the disposition of post-release control as a result of that error.
 {¶ 2} In State v. Fisher, Cuyahoga App. No. 83098, 2004-Ohio-3123, we considered the precise issue raised here and stated at ¶ 37-38:
 {¶ 3} "We are aware that there is a difference of opinion, even within this district, on whether an erroneous imposition of post-release should be remanded for correction or whether post-release controls are forever foreclosed. See State v.Finger, Cuyahoga App. No. 80691, 2003-Ohio-402, discretionary appeal allowed 99 Ohio St.3d 1470, 2003-Ohio-3801,791 N.E.2d 985. The weight of authority within this district, Finger
notwithstanding, is that errors in the imposition of post-release controls be remanded for resentencing. See State v. Jordan,
Cuyahoga App. No. 80675, 2002-Ohio-4587, ¶ 15, appeal grantedState v. Jordan, 98 Ohio St.3d 1460, 2003-Ohio-644. For what it's worth, we believe that because post-release control is governed by statute under R.C. 2967.28(B) and (C), the imposition of that part of a sentence that did not comply with the statutory requirements would be void." In Woods [v. Telb,89 Ohio St.3d 504, 2000-Ohio-171] the supreme court stated that "post-release control is part of the original judicially imposed sentence."Woods, 89 Ohio St.3d 504, 512. In State v. Beasley (1984),14 Ohio St.3d 74, 75, the Ohio Supreme Court stated, "Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." If the court neglected to impose post-release controls, the sentence would be void and must be remanded for resentencing. An appellate court cannot simply delete that part of the sentence which was not imposed according to statutory requirements.
 {¶ 4} "And it must be noted that post-release control is not itself a punishment, but a condition of parole, the violation of which is subject to punishment." See State v. Martello,97 Ohio St.3d 398, 2002-Ohio-6661, certiorari denied (2003), Martello v.Ohio, 123 S.Ct. 2087. Therefore we see no constitutional impediment to a remand for resentencing in the event a court fails to advise the offender orally that post-release controls will be imposed." Fisher, supra, at ¶ 38.
 {¶ 5} Consistent with our position in Fisher, we find that this case must be reversed and remanded for a new sentencing hearing, this time including the statutorily-mandated post-release controls.
Reversed and remanded.[1]
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., Concurs.
 Kilbane, J., Dissents with separate opinion.
[1] We acknowledge the dissenting opinion only to point out that, in the interests of professionalism, we will not respond to its ad hominem attacks.