JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Francisco Davis, was indicted in a two-count indictment for aggravated vehicular assault in violation of R.C. 2903.08 and attempted aggravated vehicular assault in violation of R.C. 2923.02.
 {¶ 2} Davis alleges that the sentence handed down by the trial court, that being an eight-year prison sentence and a lifetime suspension of appellant's driver's *Page 3 
license, is contrary to the sentencing structure of the statute for the crimes to which he pled guilty. For this cause, appellant now appeals stating two assignments of error. ASSIGNMENT OF ERROR I:
 The trial court imposed upon Mr. Davis a greater punishment for his offense of conviction than the punishment provided by law. Thus denying him due process of law under the fifth and fourteenth amendments to the United States Constitution. [sic]
ASSIGNMENT OF ERROR 2:
 Mr. Davis received the ineffective assistance of counsel in violation of the sixth and fourteenth amendments to the United States Constitution.
 {¶ 3} Because appellant's first assignment of error is dispositive of this appeal, we review it first.
 {¶ 4} Aggravated vehicular assault and attempted aggravated vehicular assault are governed by R.C. 2903.08 and reads in part:
 (A) No person, while operating or participating in the operation of a motor vehicle, motorcycle, snowmobile, locomotive, watercraft, or aircraft, shall cause serious physical harm to another person or another's unborn in any of the following ways:
 * * *
 (2) In one of the following ways:
 * * *
 (b) Recklessly.
Any person in violation of R.C. 2903.08(A)(2)(b) is subject to the sentencing *Page 4 
requirements of R.C. 2903.08(C), which states in part:
 (1) Whoever violates division (A)(2) or (3) of this section is guilty of vehicular assault and shall be punished as provided in divisions (C)(2) and (3) of this section.
 (2) Except as otherwise provided in this division, vehicular assault committed in violation of division (A)(2) of this section is a felony of the fourth degree.
(Emphasis added.)
 {¶ 5} In the case at bar, appellant pled guilty to count one of the indictment, which stated, "Defendants] * * * did, while operating or participating in the operation of a motor vehicle, cause serious physical harm to Tammie Stanton recklessly, in violation of Section2903.08 of the Revised Code." (Emphasis added.)
 {¶ 6} Further, appellant pled guilty to count two of the indictment, which stated, "Defendants] * * * did, [sic] attempt while operating or participating in the operation of a motor vehicle, cause serious physical harm to Krisha Borum recklessly, in violation of Section2903.08 of the Revised Code." (Emphasis added.)
 {¶ 7} Davis pled guilty to the elements of the crime described in R.C.2903.08, that being vehicular assault, a fourth degree felony. "For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14.
 {¶ 8} Additionally, "* * * the court shall impose upon the offender a class four suspension of the offender's driver's license, commercial driver's license, temporary *Page 5 
instruction permit, probationary license, or nonresident operating privilege from the range specified in division (A)(4) of section 4510.02
of the Revised Code * * *.
 {¶ 9} R.C. 4510.02 states in part:
 When a court elects or is required to suspend the driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege of any offender from a specified suspension class, for each of the following suspension classes, the court shall impose a definite period of suspension from the range specified for the suspension class:
 * * *
 (4) For a class four suspension, a definite period of one to five years;
 * * *
 {¶ 10} In addressing the issue of a sentence that is contrary to law, this court in its opinion, State v. Robinson, Cuyahoga App. No. 85207,2005-Ohio-5132, stated:
 The Supreme Court of Ohio recently addressed the issue of a reviewing court's course of action in an instance where a sentence was contrary to law, and held that "* * * where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is * * * to resentence the defendant."
State v. Jordan (2004), 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E. 2d 864, citing State v. Beasley (1984), 14 Ohio St.3d 74, 12 Ohio B. 511,471 N.E. 2d 774.
 {¶ 11} In light of the holding in Robinson, we find that the sentence imposed in the instant matter exceeds the statutory maximum set forth by R.C. 2929.14 and R.C. 4510.01. *Page 6 
 {¶ 12} Relying on the relevant statutes and considering the fact that the State concedes that the sentence is improper, we hold that the trial court erred in sentencing appellant and therefore sustain appellant's first assignment of error.
 {¶ 13} Accordingly, the sentence of the trial court is vacated and this cause remanded for resentencing.
 {¶ 14} Because we sustain appellant's first assignment of error, appellant's
 {¶ 15} second assignment of error is rendered moot.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, P.J., and KENNETH A. ROCCO, J., CONCUR *Page 1