JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Jeffrey Kearns ("Kearns") appeals from the two-year sentence imposed in the Cuyahoga County Court of Common Pleas. Kearns argues, and the State concedes, that the trial court never imposed a term of community control sanctions and, therefore, it was without any statutory authority to impose a prison sentence in violation of the alleged community control sanctions. For the following reasons, we vacate the imposed sentence and remand the matter for resentencing.
 {¶ 2} On July 2, 2004, South Euclid police officers arrested Kearns for operating a vehicle under the influence, in violation of R.C.4511.19.[1] At the time of his arrest, Kearns had three prior convictions within six years for driving under the influence. As a result, a Cuyahoga County Grand Jury returned a one-count indictment charging Kearns with operating a vehicle under the influence, a fourth degree felony. On December 10, 2004, Kearns pleaded guilty to the indictment as charged. At his plea hearing, the State of Ohio ("State") recommended a sentence of ninety days of residential treatment but made no recommendation as to any other aspect of the sentence.
 {¶ 3} On January 10, 2005, the trial court sentenced Kearns to complete ninety days of inpatient treatment at the Ed Keating Center, imposed a $3,000 fine, ordered the forfeiture of the vehicle he was driving, and suspended Kearns' driver's *Page 4 
license for life. The unique aspect of Kearns' sentence was that although the trial court never specifically sentenced Kearns at the time of his sentence to a term of community control sanctions, the trial court ordered the payment of fines to be completed over three years. Additionally, the trial court warned Kearns not to patronize any establishment that served alcohol over the next three years and ordered him to maintain full-time employment once he completed treatment. The trial court then informed Kearns that "if you violate in any way, I will send you to prison for 30 months which I believe is what I can send you for." (Tr. 32.)
 {¶ 4} The trial court journalized the sentence in the following order:
 "Defendant in court with Attorney Jaye M. Schlachet. Court reporter present. On a former day of court the defendant plead guilty to D.U.I. (PC)/4511.19-F-4 as charged in the indictment. Defendant addresses the court. The court considered all required factors of the law. The court finds that a community control sanction will adequately protect the public and will not demean the seriousness of the offense. It is therefore ordered that the defendant is sentenced to 3 year(s) of community control, under supervision of the adult probation department with the following conditions: defendant to abide by the rules and regulations of the probation department. Defendant is to spend 90 days in Ed Keating Center for in-patient treatment. Defendant to obtain/maintain full-time employment. Defendant's vehicle is ordered forfeited; prosecutor to prepare the paperwork. Defendant may not patronize any establishment or attend any family function where alcohol is served. Defendant's driver's license is suspended for life. Violation of the terms and conditions may result in more restrictive sanctions, or a prison term of 30 month(s) as approved by law. The defendant is ordered to pay a fine in the sum of $3,000.00. The defendant is ordered to pay a supervision fee in the sum of $200.00. Defendant is to pay $100.00 per month towards costs, fee and fine. Defendant remanded. * * *" *Page 5 
 {¶ 5} On April 6, 2006, Willoughby police officers arrested Kearns for operating a vehicle under the influence, and the case was bound over to the Lake County Court of Common Pleas. On June 29, 2006, the trial court conducted a community control sanctions violation hearing. At the hearing, Kearns admitted to the April 6, 2006 charge of operating a vehicle under the influence and also admitted to the court that he had continued to drive without a license since his sentence.[2] The trial court determined that Kearns violated the conditions of his community control and sentenced him to two years in prison.
 {¶ 6} Kearns appeals, raising the following assignment of error:
 "The trial court abused its discretion in imposing a sentence upon appellant which was contrary to law."
 {¶ 7} In this matter, Kearns argues, and the State concedes, that the trial court entered a sentence contrary to law on January 10, 2005. Kearns pleaded guilty to operating a vehicle while intoxicated ("OVI"), a fourth degree felony with the date of offense of July 2, 2004. At that time, R.C. 4511.19(C)(1)(d)(i) provided that when sentencing an offender to a first, fourth degree felony OVI offense, the court was required to impose either a mandatory term of local incarceration or a mandatory prison term. The statute explicitly provided that if the sentencing court *Page 6 
imposed a mandatory term of local incarceration, then "no prison term is authorized for this offense."
 {¶ 8} The language of former R.C. 4511.19(G)(1)(d)(i) was clear: the trial court was authorized to sentence Kearns to either prison or local incarceration, but not both. However, in sentencing Kearns, the trial court attempted to impose both local incarceration and community control sanctions, with the violation of the terms and conditions resulting in a possible prison term of thirty months. Therefore, the trial court's imposed sentence is in derivation of statutory authority and is therefore contrary to law.
 {¶ 9} In State v. Beasley (1984), 14 Ohio St.3d 74, the Ohio Supreme Court held that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." In Beasley the court also concluded that "[j]eopardy did not attach to the void sentence, and, therefore, the court's imposition of the correct sentence did not constitute double jeopardy." Id. at 75. Where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is to resentence the defendant. Id.
 {¶ 10} In the present case, the State concedes that the trial court's January 10, 2005 sentence is void. Accordingly, the sentence must be vacated and remanded for resentencing. *Page 7 
 {¶ 11} Kearns' argument that the trial court never actually imposed a term of community control sanctions at his sentencing hearing and, therefore, he has already completed his sentence and may not be subject to resentencing, is without merit. Here, the trial court's January 10, 2005 sentence imposed both a term of local incarceration and community control sanctions with a prison sentence and, therefore, it is void under Ohio law. The fact that Kearns completed a portion of the void sentence and is now serving a prison term for violating the terms of community control under that same void sentence is without merit. The entire sentence is void and must be vacated, not just the recent imposition of Kearns' two-year prison sentence. Beasley, supra. Accordingly, Kearns' sole assignment of error is sustained in part and overruled in part.
 {¶ 12} Kearns' sentence is vacated and the matter is remanded for resentencing. Furthermore, the trial court must note on the record of defendant's sentence that, because he completed his sentence, he is not subject to resentencing. State v. Bezak, 114 Ohio St.3d 94,2007-Ohio-3250.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
SEAN C. GALLAGHER, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR (SEE SEPARATE CONCURRING OPINION)
[1] We note that R.C. 4511.19 was amended on January 1, 2004, replacing the language DUI (driving under the influence) with OVI (operating a vehicle under the influence).
[2] In Lake County Case No. 06CR000222, Kearns received a total of five years of incarceration for his second felony OVI, an automatic felony of the third degree, which he is currently serving.