OPINION
Defendant-appellant, Billy Joe Washington, appeals the judgment of the Franklin County Court of Common Pleas ordering him to serve his sentence, following convictions for violations of Ohio law, consecutive to a sentence imposed by the federal court for a violation of federal law.
In the Franklin County Court of Common Pleas, appellant was convicted of the following felonies: felonious assault on a police officer; robbery; and failure to comply with a police order. Appellant was also convicted of the misdemeanor offense of unauthorized use of property. Each conviction contained a firearm specification, except for the unauthorized use of property conviction. The convictions arose out of incidents that took place on December 19, 1998.
On April 29, 1999, after appellant was convicted of the above state law offenses, the trial court held a sentencing hearing in which the trial court merged the unauthorized use of property conviction with the robbery conviction. The trial court ordered appellant to serve the maximum authorized sentence on the remaining convictions. In addition, the trial court ordered appellant to serve each non-merged sentence consecutively, including each sentence imposed on the firearm specifications, for a total of twenty-three and one-half years of imprisonment.
Appellant appealed his convictions and sentence. In State v. Washington (June 8, 2000), Franklin App. No. 99AP-640, unreported ("Washington I"), we upheld appellant's convictions but reversed his sentence. In reversing the sentence, we concluded that Ohio's felony sentencing statute precluded the trial court from imposing consecutive prison terms on the firearm specifications that attached to the felonious assault and robbery convictions because the specifications arose out of the same transaction. We also concluded that the trial court failed to comply with the sentencing statute by not providing reasons for its decision to impose consecutive terms of imprisonment on each non-merged conviction. Accordingly, we remanded the case to the trial court for resentencing.
In August 2000, the trial court held another sentencing hearing pursuant to our opinion in Washington I. The trial court again merged the unauthorized use of property conviction with the robbery conviction and imposed the maximum authorized sentence on the remaining convictions. As well, the trial court ordered appellant to serve each sentence consecutively, except for the sentence imposed on the merged convictions and the firearm specification that attached to the robbery conviction. Consequently, appellant was sentenced to twenty-two and one-half years imprisonment on the state law convictions.
The trial court also ordered appellant to serve the sentence on his state law convictions consecutive to a twenty-year prison sentence that had been imposed by the federal court for appellant's possessing a firearm after having "been convicted in any court of, [sic] a crime punishable by imprisonment for a term exceeding one year" in violation of Section 922(g)(1), Title 18, U.S.Code. As indicated by the federal court's conclusions under the federal sentencing guidelines, appellant's federal offense constitutes a felony. See Section 3559, Title 18, U.S.Code. The federal conviction and sentence occurred after the trial court imposed its original sentence on appellant's state law convictions.
Appellant appeals, raising one assignment of error:
 THE TRIAL COURT ERRED IN RESENTENCING APPELLANT ON REMAND.
In his single assignment of error, appellant claims that the trial court erred in ordering him to serve the sentence on the state law convictions consecutive to the sentence imposed by the federal court. We disagree.
In challenging his sentence, appellant first contends that the trial court exceeded the instructions of our Washington opinion when it ordered him to serve the sentence on the state law convictions consecutive to the sentence imposed by the federal court. In Washington I, as noted above, we reversed appellant's original sentence and remanded the case for resentencing upon concluding that the trial court issued the sentence without complying with the sentencing statute.
As we stated in Washington I, a trial court must comply with the sentencing statute to lawfully impose a sentence. See, also, State v. Edmonson (1999), 86 Ohio St.3d 324, 329. Indeed, the Ohio Supreme Court has held that "[a]ny attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void." State v. Beasley (1984), 14 Ohio St.3d 74, 75. Therefore, when a reviewing court reverses and remands a sentence on grounds that it was imposed in violation of the sentencing statute, the trial court resentences the defendant "as if no prior attempt to sentence had been made." State v. Thomas (1992), 80 Ohio App.3d 452, 458. Accordingly, our decision to remand this case for resentencing did not limit the trial court's authority to resentence appellant and, moreover, enabled the trial court to resentence appellant as if no original sentence had been imposed. Thus, the trial court did not exceed the instructions of our Washington I opinion when it ordered appellant to serve the sentence on the state law convictions consecutive to the sentence imposed by the federal court.
Next, appellant asserts that the trial court was prohibited from ordering him to serve the sentence on the state law convictions consecutive to the sentence imposed by the federal court because the federal court initially ordered appellant to serve the sentences concurrently. However, the state sentence referred to by the federal court was rendered void under Washington I and, therefore, was no longer in force.
Furthermore, Ohio's felony sentencing statute permits the trial court to order appellant to serve the sentence on the state law convictions consecutive to the sentence imposed by the federal court. As noted above, appellant's federal conviction and sentence occurred after the trial court imposed its original sentence, but before the trial court sentenced appellant on remand. Pursuant to the version of R.C. 2929.41(A) applicable to this case, "a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States," except as provided in "division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03" of the Ohio Revised Code. This case falls under R.C. 2929.14(E), in particular R.C. 2929.14(E)(4), which authorizes a trial court to impose consecutive terms of imprisonment on multiple felony offenses if the trial court makes the requisite findings that such sentences are appropriate. We recognize that the language in R.C. 2929.14(E)(4) refers to general situations where a trial court imposes consecutive sentences on felony offenses; however, we may rely on the section to analyze the trial court's sentencing decision in this case. R.C. 2929.41(A), the statute discussing sentences imposed by courts of different jurisdictions, employs R.C. 2929.14(E) in its entirety when authorizing a trial court to order a defendant to serve a sentence imposed on state law convictions consecutive to a sentence imposed by a federal court.
In analyzing the trial court's decision to impose the consecutive sentences, we note that the trial court made the necessary findings under R.C. 2929.14(E)(4) to indicate that consecutive terms of imprisonment are appropriate. In addition, the trial court made the necessary explanations in support of its findings, as further required in R.C. 2929.19(B)(2)(c). As such, the trial court was not limited by the federal court's decision to order appellant to serve the sentence on the state law convictions concurrent with the sentence on the federal law conviction.
Lastly, appellant argues that the trial court's sentencing decision reflects its vindictive attitude against appellant for his successfully pursuing an appeal. Appellant correctly asserts that he received a more severe sentence on remand than he did when the trial court originally sentenced him. Due process guarantees of the United States Constitution prohibit a trial court from issuing a harsh sentence out of vindictiveness against a defendant for having pursued a successful appeal. Alabama v. Smith (1989), 490 U.S. 794, 798. Thus, a trial court resentencing a defendant who has pursued a successful appeal may not vindictively issue a sentence that is more severe than the one originally imposed. Id., at 799-780.
A presumption of vindictiveness exists where there is a "reasonable likelihood" that an unexplained increase in sentence is the product of the trial court's vindictiveness. Id., at 799. "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." Id., at 799-800. We may not presume vindictiveness if the trial court provides legitimate reasons in support of the increased sentence. Id., at 798. Similarly, when a trial court resentences a defendant on remand, it may properly impose a more severe sentence if it bases the sentence on relevant facts, conduct or events that have occurred subsequent to the original sentencing proceeding. See Texas v. McCullough (1986), 475 U.S. 134, 141, quoting Wasman v. United States (1984), 468 U.S. 559, 572.
Thus, a trial court resentencing a defendant who has pursued a successful appeal may consider a criminal conviction that the defendant obtained subsequent to the original sentencing. Wasman, at 569. According to the United States Supreme Court, "[c]onsideration of a criminal conviction obtained in the interim between an original sentencing and a sentencing after retrial is manifestly legitimate. This amply rebuts any presumption of vindictiveness." Id., at 569-570. The United States Supreme Court specified that a trial court could properly consider the subsequent conviction even if the conduct underlying the conviction occurred prior to the original sentencing. Id., at 571-572.
In this case, appellant asserts that the trial court's decision to order the consecutive sentences is the product of vindictiveness because there was no intervening event that would justify the more severe sentence. However, appellant's federal conviction and sentence occurred after the original sentencing. Thus, under the authority noted above, when the trial court was resentencing appellant on remand, it was properly able to consider the federal conviction and sentence. Consideration of such factors rebuts any presumption of vindictiveness that may stem from the trial court imposing a more severe sentence on appellant on remand than it did at the original sentencing hearing.
The absence of vindictiveness in the trial court's resentencing decision is also verified through its explanation at the resentencing hearing that it has a "habit of running sentences consecutive with other sentences if the facts and laws warrant that to happen." This comment indicates that the trial court's sentencing decision conformed with its usual sentencing practices. Similarly, we find an absence of vindictiveness through the trial court's statements at the resentencing hearing emphasizing that it would have ordered appellant to serve the sentences consecutively at the original sentencing hearing had the federal conviction and sentence been in existence.
Accordingly, based on the above, we conclude that the trial court did not err in ordering appellant to serve the sentence imposed on the state law convictions consecutive to the sentence imposed by the federal court on the federal law conviction. As such, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
 _____________________ KENNEDY, J.
BOWMAN and BROWN, JJ., concur.