**The STATE of Ohio, Appellant,**

v.

**SHIFFLER, Appellee.***

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–01–1272.

Decided Jan. 11, 2002.

Julia R. Bates, Lucas County Prosecuting Attorney, Dean P. Mandross, Brenda J. Majdalani and Lori Olender, Assistant Prosecuting Attorneys, for appellant.

John B. Thebes, for appellee.

---

* Reporter's Note:  An appeal to the Supreme Court of Ohio was not allowed in 95 Ohio St.3d 1459, 2002-Ohio-2230, 767 N.E.2d 1177.

MELVIN L. RESNICK, Judge.

{¶ 1} This is an appeal by the state of Ohio from a judgment of the Lucas County Common Pleas Court wherein appellee, Michael Shiffler, was sentenced to three years in prison for two counts of rape of a child under the age of thirteen and one count of gross sexual imposition. Because we find that the trial court erred in sentencing appellee, we reverse.

{¶ 2} The facts giving rise to this appeal are as follows. On February 9, 2001, appellee was indicted on two counts of rape, violations of R.C. 2907.02(A)(1)(b) and felonies of the first degree and one count of gross sexual imposition, a violation of R.C. 2907.05(A)(4) and a felony of the third degree. On March 29, 2001, appellee entered no-contest pleas to each charge in the indictment. He was sentenced to three three-year concurrent terms of imprisonment. Appellant, the state of Ohio, now appeals setting forth the following assignment of error:

{¶ 3} "The sentence imposed by the trial court upon the appellee should be reversed and increased pursuant to Ohio Rev. Code 2953.08(B)(2), as they were contrary to law, and not supported by the record."

{¶ 4} Appellee's prior criminal record includes three juvenile adjudications, one of which was a sex-related offense. As an adult, appellee was convicted of domestic violence, felony corruption of a minor, and nonsupport of dependents. At the time of the instant indictment, appellee was on probation for the nonsupport offense.

{¶ 5} The indictment alleged that appellee sexually assaulted his nine-year-old daughter. Appellee admitted the allegations were true but countered that he was attempting to educate his daughter so that she would know whether she was being sexually assaulted by someone else in the future.

{¶ 6} In sentencing appellee to three years, the court noted that appellee's prior record included a previous offense against a minor. The court also noted that appellee's father/daughter relationship to the victim allowed him to commit the offenses. The court found by clear and convincing evidence that appellee was a habitual sex offender as defined by R.C. 2950.01(B). The court then added an additional consecutive eleven-month prison term for the probation violation.

{¶ 7} The state argues that the three-year sentence fails to achieve the overriding purposes of felony sentencing. Specifically, the state argues that the sentence does not adequately protect the public from a sex offender with a prior history of sexual offenses against children. The state argues that the sentence imposed is not consistent with sentences imposed upon other sex offenders. R.C.

2929.11(B). Finally, the state argues that the sentence was based on an erroneous reading of appellee's sealed presentence investigation report.

{¶ 8} R.C. 2953.08, which governs the appeal of felony sentences, dictates that an appellate court may not disturb a sentence imposed under felony sentencing law unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1); *State v. Garcia* (1998), 126 Ohio App.3d 485, 487, 710 N.E.2d 783. The applicable record to be reviewed by the appellate court shall include the following: (1) the presentence investigative report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C. 2953.08(F)(1) through (3).

{¶ 9} In reviewing the record before us, including the presentence investigation report, this court finds that the judge's statement to appellee at sentencing was inaccurate. The court stated:

{¶ 10} "For all of these cases, I'm accepting the recommendation of the officer who interviewed you for the three years of incarceration."

{¶ 11} The probation officer in this case made two distinct recommendations.[1] One recommendation was for appellee's two rape convictions and one recommendation was for appellee's gross sexual imposition conviction. Based on the judge's comments, this court can only conclude that the judge believed there to be only one sentencing recommendation for all three offenses. A sentence resulting from only a partial review of the presentence report does not achieve the overriding purposes of felony sentencing, that is, to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11.(A).

{¶ 12} Before imposing a felony sentence, a court must consider a presentence investigation report if one was prepared. R.C. 2929.19(B)(1). Our ruling today is in no way meant to suggest that trial courts are required to follow the

---

1. "The contents of a presentence investigation report prepared pursuant to this section, section 2947.06 of the Revised Code, or Criminal Rule 32.2 and the contents of any written or oral summary of a presentence investigation report or of a part of a presentence investigation report described in division (B)(3) of this section *are confidential information and are not a public record.* The court, an appellate court, authorized probation officers, investigators, and court personnel, the defendant, the defendant's counsel, the prosecutor who is handling the prosecution of the case against the defendant, and authorized personnel of an institution to which the defendant is committed may inspect, receive copies of, retain copies of, and use a presentence investigation report or a written or oral summary of a presentence investigation only for the purposes of or only as authorized by Criminal Rule 32.2 or this section, division (F)(1) of section 2953.08, section 2947.06, or another section of the Revised Code." R.C. 2951.03(D)(1). (Emphasis ours.)

recommendations of a probation officer in a presentence investigation report. Rather, our concern in this fact-specific case, based on the sentencing transcript, is that the trial judge did not consider the entire record before imposing a felony sentence.

{¶ 13} Accordingly, we find that there is clear and convincing evidence that appellee's sentence of three years in prison is not supported by the record. The state of Ohio's sole assignment of error is found well taken. The judgment of the Lucas County Court of Common Pleas is affirmed as to appellee's conviction but reversed as to appellee's sentence. This matter is remanded to the Lucas County Court of Common Pleas for resentencing. Court costs assessed equally between the parties.

Judgment affirmed in part
and reversed in part.

PETER M. HANDWORK and JAMES R. SHERCK, JJ., concur.