DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the Lucas County Court of Common Pleas. Because we find that appellant's second sentence did not violate appellant's double jeopardy rights, we affirm the decision of the trial court.
 {¶ 2} Appellant was sentenced in 2001 to three three-year concurrent sentences for two counts of rape and one count of gross sexual imposition. Appellee, state of Ohio, appealed that judgment to this court, setting forth the following assignment of error:
 {¶ 3} "The sentence imposed by the trial court upon the appellee should be reversed and increased pursuant to Ohio Rev. Code 2953.08(B)(2), as they were contrary to law, and not supported by the record." This court agreed, and we reversed the judgment and remanded the case to the trial court for resentencing. See State v. Shiffler (2002), 147 Ohio App.3d 340, 2002-Ohio-2230, appeal denied (2002), 95 Ohio St.3d 1459, 2002-Ohio-2230. In so holding, we found that the trial court did not consider the entire record before sentencing appellant. Therefore, we held that: "* * * there is clear and convincing evidence that appellee's sentence of three years in prison is not supported by the record. The state of Ohio's sole assignment of error is found well-taken." Shiffler, 147 Ohio App.3d 340, 2002-Ohio-2230, at ¶ 13.
 {¶ 4} On remand, appellant was sentenced to seven year prison terms on each rape charge and a three year prison term on the sexual imposition charge, all to run concurrently. Appellant appeals from the judgment on remand, setting forth the following assignments of error:
 {¶ 5} "Assignment of Error No. 1: In resentencing appellant to a greater term than was originally imposed on him, the trial court violated his rights under the double jeopardy clauses of the constitutions of the United States and the state of Ohio.
 {¶ 6} "Assignment of Error No. 2: Insofar as the issue raised in the first assignment of error may be deemed waived, appellant was denied the effective assistance of counsel."
 {¶ 7} Essentially, appellant argues that, since he began serving his first term before he was resentenced, and since the first sentence was not "vacated" as being contrary to law, the imposition of a second, harsher sentence violated his double jeopardy rights. Appellant concedes that double jeopardy would not be an issue if the first sentence was contrary to law because such sentences are void. See State v. Beasly
(1984), 14 Ohio St.3d 74, 75. Because appellant's two assignments of error are interrelated, we shall address them together.
 {¶ 8} An appellate court's choices upon review of a sentence are set out in R.C. 2953.08(G)(2). That section provides:
 {¶ 9} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
 {¶ 10} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 11} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 12} "(b) That the sentence is otherwise contrary to law."
 {¶ 13} To us, anytime a sentencing court does not follow the sentencing statutes, that court has issued a sentence that is contrary to law. In the context of this case, we held in the previous appeal that the trial court erred in sentencing appellant because it did not consider the entire record. This was done in violation of the statute, see R.C.2929.19(B)(1); therefore, the sentence was, by definition, contrary to law. In holding as we do, we are persuaded by the reasoning of Ohio courts reaching the same decision on the same issue or on similar issues. See, e.g., State v. Kafer (July 16, 2001), Crawford App. No. 3-01-01 (when record does not support court findings, sentence is contrary to law); State v. Cloud (Sept. 26, 2001), Columbiana App. No. 98 CO 51 (when trial court does not make required findings, sentence is contrary to law); State v. Hess (Dec. 6, 2001), Jefferson App. No. 00-JE-40 (when trial court does not make required findings, sentence is contrary to law); State v. Nyberg (June 21, 1999), Fayette App. No. CA98-11-018 (when trial court fails to make necessary findings, the sentence is "arguably" contrary to law); State v. Crowder (Dec. 7, 1998), Licking App. No. 98-CA-87. See, also, State v. Beasly,14 Ohio St.3d at 75 ("Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void"); Griffin Katz, Ohio Felony Sentencing Law, (2001), 714, Section 9.7 ("Contrary to law includes failure to follow statutory procedures for felony sentencing or to make the necessary findings.")
 {¶ 14} Additionally, the United States Supreme Court has held that a defendant's double jeopardy rights are not violated when the government exercises its statutory right to appeal and the appeal results in an increased sentence. United States v. DiFrancesco (1980), 449 U.S. 117,136-139. This is true even when the defendant has begun to serve his sentence. Id. at 139. In so holding, the United States Supreme Court stated that a defendant has no expectation of finality in a judgment when the applicable statute grants the government the right to appeal the sentence. Id. DiFrancesco is analogous to the instant case, as the state's right to appeal a sentence is statutorily authorized. See R.C.2953.08(B).
 {¶ 15} Because we find that the trial court did not err in ordering a second, harsher sentence on appellant, we find both of appellant's assignments of error not well-taken.
 {¶ 16} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J., CONCUR.