OPINION
{¶ 1} Defendant-Appellant, Dean Hinkle ("Appellant"), appeals a decision of the Allen County Common Pleas Court classifying him as a sexual predator pursuant to R.C. 2950.09. Because trial courts retain jurisdiction and are not barred by res judicata from correcting previous void judgments and because prior convictions may be considered in making sexual predator determinations, the trial court did not err by classifying Appellant as a sexual predator.
 {¶ 2} Facts and procedural posture pertinent to the issues raised on appeal are as follows. In 1991, Appellant was charged with one count of kidnapping to engage in sexual activity, pursuant to R.C. 2905.01(A)(4), and two counts of rape, in violation of R.C. 2907.02(A)(2). Appellant's actions leading to said charges consisted of forcing a woman into his automobile, driving her to a secluded location, holding her at knife-point, and forcing her to perform oral sex on and have intercourse with him. Following plea negotiations with the State, Appellant pled guilty to one count of kidnapping and the remaining charges were dismissed. Appellant was then sentenced to an indefinite term of eight to twenty-five years of incarceration.
 {¶ 3} Subsequently, on May 13, 1997, the trial court determined Appellant to be a sexual predator without affording him a hearing. After recognizing its failure to hold a sexual predator hearing, the trial court vacated its prior order and instead classified Appellant as a habitual sex offender on February 4, 1999, basing its determination on Appellant's 1979 importuning conviction in conjunction with the underlying offense herein. Thereafter, on February 13, 2002, the court granted Appellant's motion for relief from judgment, pursuant to Civ.R. 60(B)(5), and vacated its February 4, 1999 determination.
 {¶ 4} On May 2, 2002, a hearing was held to determine whether Appellant should be classified as a sexual predator according to R.C.2950.09. Just prior to the hearing, the court appointed counsel to assist Appellant. After the presentation of testimony, the trial court considered the factors contained in R.C. 2950.09(B)(3), and found by clear and convincing evidence that Appellant is a sexual predator. From this determination, Appellant appeals, asserting four assignments of error for our review.
 Assignment of Error I {¶ 5} "The trial court abused judicial discretion in holding that the appellant was a sexual predator pursuant to R.C. 2950.01 and R.C. 2950.09 when the trial court took it upon itself to vacate a prior judgment entry order [sic] without just cause which was prejudicial to the appellant his [sic] due process and equal protection rights under the Fifth and Fourteenth Amendment [sic] of the United States Constitution."
 {¶ 6} Before reaching the merits of Appellant's contentions, we note that the State has failed to file a brief in this matter. Pursuant to App.R. 18(C), we are permitted to "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." Despite this discretion, we are unable to sustain Appellant's arguments.
 {¶ 7} In his first assignment of error, Appellant contends that the trial court was without jurisdiction to determine his sexual predator classification, was barred by res judicata in making its determination, and made discriminatory remarks towards him. We will address Appellant's first two contentions together.
 {¶ 8} Appellant maintains that the trial court was without jurisdiction or, alternatively, was barred by res judicata to classify him as a sexual predator since the court's previous sexual predator and habitual sex offender determinations had been vacated. R.C. 2950.09
requires trial courts to conduct a hearing prior to classifying a defendant as a sexual predator.[1] Moreover, in order to classify a defendant as a habitual sex offender, a trial court must find both that the defendant has pled guilty to a sexually oriented offense and has been previously convicted of one or more sexually oriented offenses.[2] In its May 13, 1997 order, the trial court classified Appellant as a sexual predator without a hearing, violating R.C. 2950.09. Additionally, in contravention to R.C. 2950.01, the trial court employed Appellant's prior importuning conviction as an underlying sexually oriented offense for its May 4, 1999 habitual sex offender classification, although importuning is not listed as a sexually oriented offense that can form the basis of such a determination.[3] Accordingly, each of these classifications was made contrary to controlling statutory authority.
 {¶ 9} It is axiomatic that a trial court judgment exceeding its statutory authority is void.[4] When a court enters a void judgment, the court retains jurisdiction to correct the void entry.[5]
Moreover, where no statutory authority exists to support a judgment, res judicata does not act to bar a trial court from correcting the error.[6]
Consequently, the trial court herein retained jurisdiction and was not barred by res judicata from correcting the previously vacated orders.
 {¶ 10} Appellant further maintains that the trial court made discriminatory remarks towards him. However, Appellant has failed to note where in the record these alleged statements occurred,[7] and we are unable to locate any statements resembling those for which Appellant claims transpired. Accordingly, any potential error arising therefrom is not before this Court.
 {¶ 11} For these reasons, we find no merit to Appellant's first assignment of error, and it is hereby overruled.
 Assignment of Error II {¶ 12} "The trial court erred to the prejudice of the appellant by admitting state's exhibit A and B into the record denying the appellant his due process and equal protection rights under the Fifth and Fourteenth Amendments of the United States Constitution when the exhibit's [sic] that was [sic] admitted should not have been admitted without first allowing defense counsel to examine them."
 {¶ 13} Appellant avers in his second assignment of error that the trial court erred in admitting the State's expert witness' qualifications and an institutional screening instrument without affording an opportunity for the defense to examine them. After careful review of the record herein, however, we find that Appellant stipulated to the admission of both exhibits. Accordingly, any error in the admission of the documents was waived for purposes of appeal upon Appellant's stipulation.[8] As such, Appellant's second assignment of error is overruled.
 Assignment of Error III {¶ 14} "The trial court erred to the prejudice of the appellant by admitting state's exhibit 1, the report of Doctor Dyer, and counsel's complete failure to object to this introduction [sic] denied the appellant his rights of due process and equal protection of the laws guaranteed to him under the Fifth and Fourteenth Amendments of the United States Constitution."
 {¶ 15} Appellant first contends in his third assignment of error that the trial court erred by admitting the psychiatric evaluation performed to assist the trial court in its sexual predator determination. However, the evaluation was properly admitted and, regardless, Appellant failed to object to its admission. An appellate court need not consider an error that a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.[9] Thus, Appellant has waived any alleged error concerning the admission of the psychological evaluation.[10]
 {¶ 16} Appellant further contends that the trial court erroneously relied upon his prior importuning conviction as a basis of classifying him a sexual predator. Specifically, Appellant claims that importuning is not listed in R.C. 2950.01 as a sexually oriented offense, which, accordingly, bars the trial court from considering it for support of a sexual predator determination. We disagree.
 {¶ 17} R.C. 2950.09(B)(3) states that "[i]n making a determination * * * as to whether an offender * * * is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following: * * * (b) [t]he offender's * * * prior criminal or delinquency record regarding all offenses, including, but not limited to all sexual offenses." Thus, while we agree that an importuning conviction is not a sexually oriented offense as defined in R.C.2950.01(D), and, therefore, cannot act as the underlying offense for a sexual predator determination, R.C. 2950.09(B) authorizes trial courts to consider the offender's criminal history, including sexual offenses. Consequently, the trial court did not err in considering Appellant's prior conviction of importuning.
 {¶ 18} Based upon the foregoing, Appellant's third assignment of error is overruled.
 Assignment of Error IV {¶ 19} "The appellant was denied his constitutional right to the effective assistance of counsel in violation of his Sixth and Fourteenth Amendments [sic] rights under the United States Constitution when the appellant had not [sic] time to prepare or discuss trial strategy with counsel prior to the hearing."
 {¶ 20} For his final assignment of error, Appellant argues that he was not afforded effective assistance of counsel because his counsel failed to request a continuance after being appointed to represent him just minutes before the sexual predator hearing. To determine whether counsel was ineffective, a defendant must satisfy a two-pronged test. The defendant must show that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different.[11]
A defendant's failure to satisfy one prong of the test negates a court's need to consider the other.[12]
 {¶ 21} To classify a defendant as a sexual predator, a trial court must base its determination on clear and convincing evidence.[13]
Supported by the following evidence herein, we find, regardless of any alleged deficiencies, there is no reasonable probability that the outcome would have been different had a continuance been requested and granted.
 {¶ 22} At the outset, we note that the trial court herein reviewed each of the factors contained in R.C. 2950.09(B)(3). The evidence produced in this case shows that Appellant has multiple prior convictions, including importuning, which is a sexually related offense, carrying a concealed weapon, attempted theft, domestic violence, and criminal damaging. Additionally, in 1999, while incarcerated for the current offense, Appellant committed an improper sex act with another inmate. Also, Appellant is in a high risk category for recidivism because the underlying offense in this case was committed upon an adult female, and his risk of recidivism is further increased because he has a pattern of sexual infractions occurring over time. The trial court also considered the fact that Appellant used a knife to overpower his victim. Further, Appellant continues to deny his guilt for the instant offense and the other sexually related offenses, precluding his entrance in to applicable treatment programs, which would possibly serve as mitigating factors. Based upon the clear and convincing evidence presented, we find that there is no reasonable probability that the outcome would have been different had effective counsel been provided.
 {¶ 23} For these reasons, Appellant's fourth assignment of error is hereby overruled.
 {¶ 24} Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT and HADLEY, JJ., concur.
[1] R.C. 2950.09(B)(1)(a).
[2] R.C. 2950.01(B)(1)(2).
[3] R.C. 2950.01(B), (D).
[4] Cf. State v. Yeagley (Apr. 19, 1995), Wayne App. No. 2895;State v. Couturier (Sept. 13, 2001), Franklin App. No. 00AP-1293, citing State v. Beasley (1984), 14 Ohio St.3d 74, 75.
[5] Yeagley, supra, citing State v. Lemley (July 21, 1992), Meigs App. No. 468.
[6] State v. Wilson (Apr. 18, 2002), Cuyahoga App. No. 79485 at ¶ 16.
[7] App.R. 16(A)(7).
[8] Matter of James W. (May 16, 1997), Erie App. No. E-96-051; PaulHackman v. Farmers Ins. Exchange, a/k/a Farmers Ins. Group of Cos., AlexN. Sill Co. (Dec. 7, 1995), Franklin App. No. 95APE05-637.
[9] Lyons, supra, citing State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus.
[10] State v. Bush (Dec. 15, 2000), Montgomery App. No. 18273.
[11] State v. Carpenter (Sept. 6, 2002), Erie App. No. E-00-033, 2002-Ohio-4824, at ¶ 4, citing Strickland v. Washington (1984),466 U.S. 668, 687-88.
[12] Id.
[13] R.C. 2950.09(B)(4).