JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Ira Steele appeals from his conviction for drug possession. For the reasons set forth below, we affirm defendant's conviction, vacate his sentence, and remand the matter for resentencing.
 {¶ 2} On December 5, 2003, defendant was indicted for one count of possession of less than one gram of crack cocaine. He pled not guilty and the matter proceeded to a jury trial on February 19, 2004.
 {¶ 3} For its case, the state presented the testimony of Cleveland Police Sgt. Ronald Dillions and Cleveland Police Scientific Examiner Cynthia Lewis.
 {¶ 4} Sgt. Dillions testified that he has been with the department for twenty-three years, worked in the Strike Force Unit for eleven years, and has investigated numerous cases involving crack cocaine. On October 15, 2003, he was working an off-duty security assignment in the theater district, near East 12th Street. A car parked behind his vehicle and a man stepped out and walked northbound. Defendant was walking southbound. From approximately 15-20 feet away, Dillions observed the first man give defendant something, and saw defendant give the first man money. Dillions approached defendant and demanded to know what defendant had received from the first man. Defendant denied getting anything, and Dillions placed him against the wall and patted him down. Defendant had what appeared to be a makeshift crack pipe in his right pocket. A portion of it appeared to be burned.
 {¶ 5} Sgt. Dillions next flagged down Cleveland Police Officer Rodriguez who placed defendant into a zone car. Dillions then walked around the block to East 13th Street and Chester to look for the first man. Dillions spotted the man, patted him down and uncovered a cell phone, pager, and approximately $300.
 {¶ 6} Dillions returned to the location on East 12th Street where he observed defendant and the man make an exchange and found a cellophane container with what appeared to be a rock of cocaine.
 {¶ 7} On cross-examination, Dillions admitted that he did not observe defendant to be in the possession of the cellophane container and did not see what defendant had obtained in exchange for money.
 {¶ 8} Cynthia Lewis testified that the makeshift crack pipe confiscated in this matter tested positive for cocaine, and that the item in the cellophane container tested positive for crack cocaine and weighed .19 grams. She admitted, however, that she did not further determine whether the residue in the pipe had come from powder cocaine or crack cocaine.
 {¶ 9} Defendant was subsequently convicted of the charge. The trial court determined that, based on a consideration of the relevant statutory factors, imprisonment was appropriate and sentenced him to six months imprisonment. He now appeals and assigns four errors for our review.
 {¶ 10} Defendant's first assignment of error states:
 {¶ 11} "Defendant was denied federal and state due process under theFifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when he was convicted on evidence that was insufficient as a matter of law to sustain the conviction for the offense for which he was indicted by the grand jury."
 {¶ 12} A claim of insufficient evidence invokes due process of the law and raises the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law. State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. Our inquiry is whether, after viewing the evidence in a light most favorable to the state, any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 13} In this matter, defendant was charged with possession of crack cocaine in violation of R.C. 2925.11. This statute defines the offense as follows: "no person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 14} In State v. Biggs, Franklin App No. 01AP-1185, 2002-Ohio-4999, the Court held that where a defendant is observed to engage in activity which appears to be drug related, and drugs are then found in that area a short time later, the evidence is sufficient to withstand a challenge to the sufficiency of evidence of possession. Accord State v. Wilson (March 28, 1991), Cuyahoga App. No. 582529. In this matter, Sgt. Dillions testified that he observed defendant receive an item from the first man and give the first man money. A rock of crack cocaine was recovered in this area minutes later, and defendant was in possession of a crack pipe. After viewing the evidence in a light most favorable to the state, we conclude that a rational trier of fact could have concluded beyond a reasonable doubt that defendant was in possession of the crack cocaine.
 {¶ 15} This assignment of error is without merit.
 {¶ 16} Defendant's second assignment of error states:
 {¶ 17} "The conviction was against the manifest weight of the evidence."
 {¶ 18} The proper test to be used when addressing the issue of manifest weight of the evidence is set forth as follows:
 {¶ 19} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether, in resolving conflicts in the evidence, the [fact finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *" State v. Moore, Cuyahoga App. No. 81876, 2003-Ohio-3526, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717; see, also, Tibbs v. Florida (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652.
 {¶ 20} The weight of the evidence and credibility of the witnesses are primarily for the trier of fact. State v. Moore, supra, citing State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. The power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. State v. Martin, supra.
 {¶ 21} In determining whether a judgment of conviction is against the manifest weight of the evidence, this court in State v. Wilson (June 9, 1994), Cuyahoga App. Nos. 64442 and 64443, adopted the guidelines set forth in State v. Mattison (1985), 23 Ohio App.3d 10, 490 N.E.2d 926. These factors, which are not exhaustive, include:
 {¶ 22} "1) Knowledge that even a reviewing court is not required to accept the incredible as true;
 {¶ 23} "2) Whether evidence is uncontradicted;
 {¶ 24} "3) Whether a witness was impeached;
 {¶ 25} "4) Attention to what was not proved;
 {¶ 26} "5) The certainty of the evidence;
 {¶ 27} "6) The reliability of the evidence;
 {¶ 28} "7) The extent to which a witness may have a personal interest to advance or defend their testimony; and
 {¶ 29} "8) The extent to which the evidence is vague, uncertain, conflicting or fragmentary." Id.
 {¶ 30} In this matter, Sgt. Dillion's testimony demonstrated that crack cocaine was recovered from the area where Dillions had observed defendant make a transaction involving money. The testimony was certain, credible, and consistent with the evidence recovered from defendant's pocket. Although the case presented circumstantial evidence of possession, we do not believe that the jury lost its way and created such a manifest miscarriage of justice in convicting defendant of possession.
 {¶ 31} This assignment of error is overruled.
 {¶ 32} Defendant's third assignment of error states:
 {¶ 33} "The prosecution violated Mr. Steele's constitutional rights under Article I, Section 10 of the Ohio Constitution, the Fifth Amendment to the United States Constitution and the Due Process Clause of theFourteenth Amendment to the United States Constitution when it engaged in improper closing argument which exceeded the evidence and which also included improper attacks on defense counsel."
 {¶ 34} In analyzing claims of prosecutorial misconduct, the test is "whether remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused." State v. Jones,90 Ohio St.3d 403, 420, 2000 Ohio 187, 739 N.E.2d 300, citing State v.Smith (1984), 14 Ohio St.3d 13, 14, 470 N.E.2d 883. "The touchstone of analysis `is the fairness of the trial, not the culpability of the prosecutor.'" Id., quoting Smith v. Phillips (1982), 455 U.S. 209, 219,102 S.Ct. 940, 947, 71 L.Ed. 2d 78. Where it is clear beyond a reasonable doubt that a jury would have found the defendant guilty even absent the alleged misconduct, the defendant has not been prejudiced, and his conviction will not be reversed. See State v. Loza (1994),71 Ohio St.3d 61, 78, 1994-Ohio-409, 641 N.E.2d 1082. In reviewing allegations of prosecutorial misconduct, we review the alleged wrongful conduct in the context of the entire trial. Darden v. Wainwright (1986),477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144.
 {¶ 35} Generally, prosecutors are entitled to considerable latitude in closing argument. State v. Ballew, 76 Ohio St.3d 244, 255, 1996-Ohio-81,667 N.E.2d 369; State v. Stevens, Montgomery App. No. 19572, 2003-Ohio-6249. In closing argument, a prosecutor may comment freely on "what the evidence has shown and what reasonable inferences may be drawn therefrom." State v. Lott (1990), 51 Ohio St.3d 160, 165, 555 N.E.2d 293, quoting State v. Stephens (1970), 24 Ohio St.2d 76, 82, 263 N.E.2d 773. "Moreover, because isolated instances of prosecutorial misconduct are harmless, the closing argument must be viewed in its entirety to determine whether the defendant has been prejudiced." State v. Ballew,
supra; State v. Lorraine (1993), 66 Ohio St.3d 414, 420, 613 N.E.2d 212.
 {¶ 36} Within this assignment of error, defendant complains that: (1) the prosecuting attorney commented that defendant was "drug dependent," and no such evidence was presented; (2)commented that the case was not significant, thus unfairly commented on the possible sentence; (3) commented that the matter could lead to "larger transgressions," thus suggesting that society would suffer if there was no conviction; and (4) unfairly remarked that defendant's trial counsel was "spinning the facts."
 {¶ 37} With regard to the first matter, in State v. Wogenstahl,75 Ohio St.3d at 357, 662 N.E.2d at 322-323, citing State v. Combs
(1991), 62 Ohio St.3d 278, 283, 581 N.E.2d 1071, 1077, noted that such argument improperly "invites the jury to speculate on facts not in evidence." Accordingly, this isolated remark was improper but viewed in its proper context, was not prejudicial.
 {¶ 38} The second matter was, in our estimation, simply a comment on the brief duration of the trial and relative seriousness of the charge and was therefore permissible.
 {¶ 39} With regard to the third matter, this remark was not such that it was calculated to incite the passions and prejudices of the jurors, and was not impermissible. Cf. See United States v. Solivan, 937 F.2d 1146,1151 (6th Cir. 1991).
 {¶ 40} Finally, with regard to the fourth matter, we conclude that these remarks were fairly invited by the defense strategy of repeatedly calling the crack pipe a "stem" and minimizing the significance of the fact that defendant had this item in his possession. Under these circumstances, the prosecutor's cross-examination about and argument were responses fairly invited by the defense strategy and defense counsel's closing argument. Cf. State v. Mason, 82 Ohio St.3d 144, 162-163,1998-Ohio-370, 694 N.E.2d 932.
 {¶ 41} This assignment of error is without merit.
 {¶ 42} Defendant's fourth assignment of error states:
 {¶ 43} "The trial court erred when it failed to advise Mr. Steele about the imposition of a term of post-release control and then imposed such a term via its journal entry."
 {¶ 44} In this assignment of error, defendant complains that the trial court did not advise defendant during sentencing that he would be subject to post-release control. Defendant therefore argues that post-release control did not become a valid part of his sentence, and this portion of the sentence must be vacated. The state concedes that defendant was not advised of this aspect of the sentence but it maintains that the matter should simply be remanded for resentencing.
 {¶ 45} Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence. Woods v. Telb,89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103, paragraph two of the syllabus. Further, pursuant to R.C. 2929.19(B)(3)(d), a trial court must inform the defendant at sentencing or at the time of a plea hearing "that he may be subject to a definite period of post-release control [and] the possibility of sanctions, including prison, available for violation of such controls." State v. Morrissey (Dec. 18, 2000), Cuyahoga App. No. 77179. That is, the trial court is required to inform a defendant of the salient features of post-release control as set forth in R.C. 2929.19(B). See State v. Davis, Cuyahoga App. No. 83033, 2004-Ohio-1908, that post-release control is to be part of his sentence, Id., and that there is the possibility of sanctions, including prison, for a violation of such controls. See, also, State v. Shepard, Cuyahoga App. No. 82158, 2003-Ohio-4938 (describing proper notification).
 {¶ 46} In Ohio v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, the Supreme Court considered the proper remedy for a trial court's failure to notify and stated as follows:
 {¶ 47} "Because a trial court has a statutory duty to provide notice of postrelease control at the sentencing hearing, any sentence imposed without such notification is contrary to law. As a general rule, if an appellate court determines that a sentence is clearly and convincingly contrary to law, it may remand for resentencing. See R.C. 2953.08(G)(2). Furthermore, where a sentence is void because it does not contain a statutorily mandated term, the proper remedy is, likewise, to resentence the defendant. See State v. Beasley (1984), 14 Ohio St.3d 74, 14 OBR 511, 471 N.E.2d 774.
 {¶ 48} "R.C. 2953.08(G)(2) provides that if an appellate court clearly and convincingly finds that a sentence is contrary to law, it may "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing.
 {¶ 49} "* * *
 {¶ 50} "`* * * Jeopardy did not attach to the void sentence, and, therefore, the court's imposition of the correct sentence did not constitute double jeopardy.' * * * [Quoting State v. Beasley, supra].
 {¶ 51} "Accordingly, when a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing."
 {¶ 52} In accordance with the foregoing, the proper remedy in this instance is to vacate defendant's sentence and remand the matter for resentencing.
 {¶ 53} The fourth assignment of error is sustained in part, and overruled in part.
 {¶ 54} Defendant's conviction is affirmed, the sentence is vacated, and the matter is remanded for resentencing.
It is ordered that appellee and appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., concurs. Karpinski, J., dissents (see attacheddissenting opinion)
 DISSENTING OPINION